## STATE *v.* BRADLEY, Administrator, et al.

*The plea of discussion is one that must be pleaded in limine litis.*

*The objection that a Sheriff's bond was not executed until more than thirty days after the Sheriff's commission, and that it was not approved until some months after, and that it was not recorded by the Recorder in the separate book kept for its registry, but there being no such book, that it was recorded in another book, cannot avail the sureties in seeking to avoid liability.*

*The amount of taxes, which it is shown could not have been collected, will be allowed as a credit in an action against the sureties on a Sheriff's bond.*

APPEAL from the District Court of the parish of Franklin, *Barry,* J. *Stubbs* and *Hough,* for plaintiff—cited, 7 A., 595, 178 and 377. *Morrison,* for defendant and appellant—cited, C. C., 2294, 3030, 3008 ; O. C., p. 432, Art. 22.

MERRICK, C. J. This suit is brought against the succession of *A. H. Bradley,* deceased, formerly Sheriff of the parish of Franklin, and the sureties upon his bond as tax collector of the taxes of 1848.

The claim of discussion, under the Acts of 1847, p. 175, sec. 64., and p. 109, sec. 4, cannot be awarded to the defendants in this case. The plea of discussion is one which must be pleaded *in limine litis. Dwight* v. *Linton,* 3 Rob., 57 ; *Zacharie,* p. 66.

The objection that the bond was not executed until more than thirty days after the date of the Sheriff's commission, and that it was not approved until the 12th February following, and that it was not recorded by the Recorder in the seperate book to be kept for its registry, but there being no such book, that it was recorded in another book, cannot avail the defendants.

The Statutes are directory in these particulars, and it does not become the Sheriff who has received and undertaken to collect the tax roll, nor his sureties, who bind themselves for his acts, to say that the bond which they have given, and by means of which the Sheriff has obtained possession of the tax roll, is inoperative. See the case of the *State* v. *Hays et al.,* 7 An., 118, and *State* v *Sureties of A. J. Law,* 11 An.

As this judgment is final between the State and the defendants, the amount really due the State and no more ought to be ascertained according to the proof and judgment rendered accordingly. There is no reason, therefore, why the succession of *Bradley* should not be allowed a credit for $259 42, the amount of those taxes which it is shown could not be collected. As to the compensation for services in criminal matters, the salary of $100 was subject to be drawn quarterly, and the state of that account is not before us.

The judgment as it respects the sureties requires no material change, because the amount they are decreed to pay, respectively, will not meet the amount due by the succession of *A. H. Bradley,* but they are interested in the change made in the judgment as it may lessen the balance which they may be compelled to pay.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that the State of Louisiana do have and recover of the defendant, *Madison E. Cox,* in his capacity of, administrator of the succession of *Augustus H. Bradley,* deceased, the sum of thirteen hundred and thirty-three dollars and fifteen cents, with two per cent.

interest thereon per month, from the first day of June, 1850, until paid; to be paid in the due course of administration, and that the said State of Louisiana do recover judgment against said *Wm. E. Rapp,* as surety in part for said debt and interest for the sum of five hundred dollars with five per cent. interest thereon from the judicial demand, and against *Enos Mackey,* as likewise surety for the sum of five hundred and ten dollars with five per cent. interest from said judicial demand, and against *David R. Wilcox,* as likewise surety for five hundred and six dollars and seventy-seven cents with like interest from judicial demand, and against *William C. Bradley,* for one thousand and sixteen dollars and seventy-seven cents, with five per cent. interest from the judicial demand. And it is further ordered, that any legal claims which the succession *A. H. Bradley* may have against said sureties be reserved, and also any claim the said succession may have for services rendered the State in matters of a criminal nature, be likewise reserved to said succession, and it is further ordered, that the defendants pay the costs of the lower court.