The opinion fo the court was delivered by
Blanchard, J.
Act 40 of 1892 makes it a felony to detain in, or inveigle or entice into, a house of ill-fame, or assignation, a female under the age of sixteen years.
*1816 Defendant was charged with having violated this law, was arrested and arraigned before the Second Recorder’s Court of the Parish of Orleans. He applied to be admitted to bail and was released from custody on a bond of $500.
He was subsequently called for trial upon preliminary examination and failed to respond. Whereupon, in due course, his bail was regularly forfeited.
The prosecution of the defendant was instituted and conducted by the plaintiff corporation, and the latter thus became entitled to recover, in its name, the amount of the forfeited appearance bond. Act 32 of 1892; Act 60 of 1894.
The present action was, accordingly* brought by it against the surety on the bond. The allegation is made that the whereabouts of the principal, Thomas C. Moody, are unknown.
The surety pleaded an exception of res judicata and estoppel, founded upon a previous suit on the bond which had been dismissed on plea to the jurisdiction.
The exception of res judicqia was sustained and the suit dismissed.
An appeal by plaintiff to the Court of Appeals for the Parish of Orleans followed.
That tribunal reversed the judgment and remanded the cause for further proceedings in due course.
Whereupon the surety pleaded the unconstitutionality of Act No. 32 of 1892 and Act No. 60 of 1894, which acts give the present plaintiff a right of action on the bond. ■
This defense was sustained and judgment of dismissal of the suit entered up in favor of the defendant.
The appeal here followed.
The amount of the bond, for the recovery of which the suit is brought, is far below the minimum jurisdictional limit ¡of this court, but Article 85 of the Constitution of 1898 vests the court with jurisdiction of all cases wherein a law of the State has been declared unconstitutional, and this without regard to the moneyed demand of the action.
With other defenses raised, this court has naught to do. It can concern itself only1 with the single question: Is the decision of the court a qua, declaring the Acts of 1892 and 1894, supra, unconstitutional, correct?
As to other issues raised and determined in a case involving $500, the *1817 appropriate appellate tribunal is the Court of Appeals.
The Constitutional Convention thought it wise to lodge in this court the right of immediate review of any judgment by any court decreeing a statute of the State, or an ordinance of a municipal corporation, unconstitutional. This is new; it is not in the preceding constitution— that of 1879.
But the words which follow, also found in the Constitution of 1879, “and in such cases the appeal on the law and the facts shall be directly from the court in which the case originated to the Supreme Court”, are not construed as intending to give this court the right to pass judgment upon, and finally decide, other issues raised in cases where the amount involved is $2,000, or less, and passed upon by the court of the first instance.
This court has jurisdiction of “the law and the facts”, within the meaning of the constitution, in so far only as may be necessary to pass upon the constitutional 'question raised.
In the approach to the consideration of this constitutional question a barrier is suddenly encountered. It is this:
While the suit is against the surety on the appearance bond, while he is apparently the only defendant, while the principal on the bond could not be reached by citation — his domicil not being in the State (testimony of Clegg) and his whereabouts unknown — it appears from the evidence that the principal, Thomas O. Moody, through his father, deposited with the counsel who defends this cause a sum of money sufficient to protect the surety from loss, and that the surety signed the appearance bond at the request of counsel for Moody.
The surety, then, thus protected from liability or loss, has no real interest in the result of the case. He is nominally only the defendant.
The real defendant is the principal on the bond, and the real security of the bond is the money of the principal on deposit in the hands of his counsel to await the'determination of the cause. What the amount thus deposited is, is not shown, but the answer of counsel, on the stand as a witness, to the question: “Do you know how the surety is secured from liability,” was: “Of course -I do, the money was deposited with me by Dr. Moody, the father of the young man, to secure the surety from loss.”
From this we are warranted in assuming the amount will suffice to cover the judgment, including interest and costs, should the surety be cast.
*1818 The defenses, then, urged in bar of plaintiff’s recovery are really those of the principal on the bond and in his interest only.
While presented in the name of the surety, the nominal defendant, he is in point of fact, without concern in the same.
The suit, as to these defenses, must be considered from, the standpoint of the principal.
This principal is a fugitive so far as the criminal charge, out of which grew the bond, is concerned. He gave the bond to secure his release from custody. He was released. lie left the State. He has not returned to meet the charge, or to discharge the obligation of the bond. He permitted it to be forfeited. He put up the money to protect his surety.
Now, when sued (for we must, as seen, consider the suit to be against him), can he be permitted to raise the question of tire u-neonstitutionality of the law upon which plaintiff’s action is predicated? He cannot. The policy of the law and good morals alike preclude it.
A party accused of crime, who is admitted to bail, and then absconds, and whose bail bond is forfeited, is not in a position, as means of defense against an[ action on the bond, to set up the unconstitutionality of the statute upon which the suit is based.
Being a fugitive from justice he is not at liberty to contest the act of the legislature, resist its operation, and call in the aid of the judicial power to pronounce* it void as to him, his property, or his rights.
There is here presented one of those cases in which a law, even though it be unconstitutional (as to which no opinion is pronounced), must be sustained because the party who makes objection to it has precluded himself from being heard against it.
Moore vs. City of New Orleans, 32 La. Ann. 746; Am. & Eng. Ency. of Law, 2nd Ed., Vol. 6, p. 1090; see also People vs Murray, 5 Hill (N. Y.) 468; Wellington et al., Petitioners, 16 Pick. 96.
A criminal who, convicted of crime, appeals from the sentence and pending his appeal escapes from custody and is at large, has no standing in the appellate court for the hearing and consideration of his appeal. State vs. Robertson, 51 La. Ann. 160.
The principle is applicable here.
This man secured his release from custody, under a criminal charge, on a bail bond. He does not deny the bond was given and that he secured his liberty thereby. But when sued for the amount thereof he *1819 sets up the unconstitutionality of the law under which he is proceeded against on the bond. He might, perhaps, raise this defense if present; as a fugitive he can not. His surety, only nominally a defendant, as here disclosed, certainly cannot raise it.
And there is grave doubt that this surety, even if he were a real and not merely a nominal, defendant, could, while his principal is a fugitive, raise it. See 3 R. 196; 11 La. Ann. 643; 10 La. Ann. 492; 12 La. Ann. 643; 7 La. Ann. 119-120; 4 N. S. 21-25.
It follows there was error in the action of the lower court sustaining the unconstitutionality of the acts of the legislature called in question. The defense should not have been entertained.
It is, therefore, ordered and decreed that the judgment appealed from be avoided and reversed and that this cause be remanded to the court a qua for further proceedings according to law, costs of both courts to be borne by defendant and appellee.
Monroe, J., I dissent,
Watkins, J., takes no part — absent on account of illness.
Behearing refused.