OVERTON, J.
Plaintiff has instituted this proceeding against defendant for the recovery of a severance license tax for the year 1920, for severing and taking gravel from the soil, at the Colfax Gravel Pit, in Grant parish.
Defendant has attacked the constitutionality of the tax, and alleges three reasons why it should be declared unconstitutional. The first and third are not mentioned in defendant’s brief, and we presume have been abandoned. The first, however, is, that the act contravenes article 31 of the Constitution of 1913, in that it is broader than its title; that the title gives no notice of intention to levy a severance tax, the levy to have effect prior to the adoption of the act, and to the extent that the tax is levied retrospectively the act is unconstitutional. This ground must be overruled. A consideration of the act, as a whole, will show that it does not purport to levy a tax for severing prior to its adoption. The third, which ' is the other ground of attack, not discussed in defendant’s brief, cannot possibly be considered as affecting the constitutionality of the tax, and is therefore not noticed further. The second ground, however, is discussed, and is as follows:
“That the levy by said Act 31 of 1920 of a severance license tax on anything except timber and minerals is contrary to article 229 of the Constitutions of 1898 and 1913, as said article of said Constitutions confers no power or authority to levy a severance license tax, on the General Assembly, upon those engaged in the business of severing other products and other natural deposits, such as marble, stone, gravel, sand, shells, etc., from the soil, as said deposits are not either timber or minerals.”
The act levies the license tax, to quote from it, “upon each person, firm, corporation or association of persons engaged in the business of severing natural resources from the soil or water; including all forms-of timber, turpentine and other forest products ; minerals, such as oil, gas, sulphur, salt, coal and ores; also marble, stone! gravel, sand, shells and other natural deposits.”
The tax is levied under article 229 of the Constitution of 1913, which authorizes the General Assembly to levy it on “those engaged in the business of severing natural resources, such as timber and minerals, from the soil or water.” The words, “such as timber and minerals,” here used, are merely illustrative of the natural resources, for the *819 severing of which the tax is authorized to be levied, and did not restrict the General Assembly, in levying the tax, to those engaged in severing timber and minerals, but left that body free to levy it on those engaged in the business of severing natural resources of the general description indicated by the phrase, “such as timber and minerals.” Conceding, though, that gravel is not a mineral, as contended for by defendant, still it is a natural resource, within the purview of the article of thé Constitution cited, and hence the General Assembly had authority to levy the tax on those engaged in the business of severing it, which, as we have seen, it did. We are, however, not prepared to admit that gravel is not a mineral.
In addition to the plea, above considered, defendant filed an exception of no cause of action, and also an answer. The exception was argued before one of the judges of the district and overruled. The case was tried on its merits before the other judge. The latter maintained the exception, and dismissed the rule. Both the exception and the merits have been presented to us. However, we must decline to consider these phases of the case, as we have no'jurisdiction with respect to them. This is so, because the amount involved is below the minimum jurisdiction of this court, and while we have appellate jurisdiction, under section 10 of article 7 of the Constitution of 1921, in all cases in which the constitutionality or legality of any tax, levied by the state, is in contest, without reference to the amount of the tax, yet this jurisdiction extends no further than the question of constitutionality or legality. Under' prior Constitutions, containing provisions similarly worded, such was the ruling of this court, in respect to its jurisdiction, in cases in which the constitutionality of .a tax levied by a 'municipal corporation was in contest. Favrot v. City of Baton Rouge, 38 La. Ann. 230 ; Town of Minden v. Glass (on rehearing) 132 La. 927, 61 South. 874. We do not feel justified in ruling otherwise now. Therefore the case, on its phases other than the constitutionality of the tax, will be transferred to the Court of Appeal for the Second Circuit, to be there disposed of according to law.
For the reasons assigned, it is ordered, adjudged, and decreed that said plea of unconstitutionality be overruled, and that this case be transferred to the Court of Appeal for the Second Circuit, to be there disposed of, on its remaining phases, according to law.