41 So.2d 678

STATE ex rel. CHEHARDY et al. v. NEW
ORLEANS PARKWAY COMMISSION
et al.

No. 39385.

June 9, 1949.

Henry B. Curtis and Charles E. Cabibi,
New Orleans, for defendants-appellants.

M. E. Culligan, Chehardy & Werhan,
New Orleans, for plaintiff-appellee.

HAMITER, Justice.

Defendants herein, the City of New Or-
leans and one of its agencies, the New Or-
leans Parkway Commission, are appealing
from a judgment which decreed to be un-
constitutional, null and void Section 8 of
Municipal Ordinance No. 14098, Commis-
sion Council Series, adopted April 3, 1934,
and which, additionally, ordered them (un-
der a writ of mandamus) to issue to re-
lators, Lawrence A. Chehardy and James
J. Young, Jr., a permit to remove two cer-
tain oak trees to which reference is here-
inafter made.

In their petition for the writ of man-
damus relators alleged that they are the
owners in indivision of property located at
the corner of Canal and South Bernadotte
Streets, in the City of New Orleans, desig-
nated as "E" Commercial according to the
municipal zoning plan; that the Texas
Company has agreed to purchase the prop-

erty for the purpose of constructing thereon a service station; that the agreement to purchase is contingent upon the securing of the necessary permit to remove two oak trees, located between the concrete sidewalk and the curbing on the Canal Street side of the property, which impede the construction of driveways or ramps; and that the New Orleans Parkway Commission, in refusing to issue the removal permit, has grossly abused, and illegally and arbitrarily exercised, the discretion vested in it. Alternatively, relators specially pleaded that Municipal Ordinance No. 14098, Commission Council Series, which created the New Orleans Parkway Commission, is unconstitutional for several assigned reasons.

The alternative special plea was sustained in part by the district court, its judgment, as shown above, having decreed to be unconstitutional, null and void the ordinance's Section 8 which reads: "Be it further ordained, etc., that no person or corporation shall without the written permit of the Parkway Commission cut, prune, break, climb, injure or remove any living tree in a public highway; or cut or disturb, or interfere in any way with the roots of any tree on a public highway; or spray with any chemicals or insecticides, or whitewash any tree in a public highway; or place any wire, rope, sign, poster, or other fixture on a tree or guard in a public highway, or injure, misuse or remove any device placed to protect such tree on a public highway."

Obviously, the appeal here is solely pursuant to that provision of Section 10 of Article 7 of the Louisiana Constitution which vests appellate jurisdiction in this court " * * * in all cases wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this State has been declared unconstitutional"; the record contains no affirmative showing which would permit our entertaining it otherwise.

Subsequent to the filing of the transcript of appeal counsel for all parties, by a joint motion and as authorized by Section 8 of Rule IX of the Supreme Court rules, submitted the case on briefs without oral argument.

In their brief counsel for appellants nowhere present or discuss the issue of the unconstitutionality of the ordinance, and, under these circumstances, we are warranted in assuming that they have abandoned that issue. Their position here, to quote from their brief, is as follows:

"If the judgment declaring Section 8 of the ordinance to be unconstitutional is correct, we must then conclude that there is no existing ordinance under which any department or division or agency of the city government has the authority to either regulate the removal of trees within the City of New Orleans or to grant or not grant permits for the removal thereof. Assuming therefore that the judgment is correct, we must consider then who is the

owner of the trees in question and the ground on which the said trees grow. The facts and evidence are undisputed.

"The trees were planted on city owned property in the area between the sidewalk and the street. The plaintiffs certainly cannot claim ownership of this portion of ground as it forms part of the street area. The trees have been there beyond the knowledge of any of the parties, or of the witnesses, and were there in their same location at the time of the purchase of the property by plaintiffs. The law, as to ownership of the trees on city streets is absolute in favor of the City.

\*     \*     \*     \*     \*     \*

"The said section is the only source of authority granted to the Parkway Commission to permit the removal of trees from the public highways and if this section is unconstitutional, null and void, then the said Parkway Commission is without authority to act in any way on plaintiffs' application. Therefore, since the City of New Orleans as a corporate body owns the trees sought to be removed and since the City as such can only act through the Commission Council and since no application has been made to the Commission Council nor has any request ever been submitted to the said Council for its study and action, the relators have no right to a mandamus against the Commission Council ordering it to do an act which, in itself, is an exercise of the police power of the said City.

\*     \*     \*     \*     \*     \*

"We may go further in argument on the matter of the mandamus ordering the City of New Orleans to issue a permit by arguing that there is no showing in the evidence that the Commission Council of the City of New Orleans in any way acted arbitrarily and capriciously in this matter. The facts are that no application has ever been made with the Commission Council. If, on the other hand Section 8 of the said ordinance is not unconstitutional and application was properly made to the Parkway Commission, then from the testimony taken in Court there is no showing of fact that the action of this Commission was either arbitrary or capricious. \* \* \*"

■ When a case is appealable to this court solely because a law or ordinance has been declared unconstitutional, our inquiry is limited to that specific issue. With questions unrelated thereto we have naught to do; consideration of them is for the court otherwise having jurisdiction of the case. Louisiana Society for Prevention of Cruelty to Children v. Moody, 52 La.Ann. 1815, 28 So. 224; State v. Pearson, 110 La. 387, 34 So. 575; City of New Orleans v. New Orleans Butchers' Co-op. Abattoir, Inc., 153 La. 536, 96 So. 113; State v. Louisiana Railway & Navigation Company, 153 La. 816, 96 So. 667. Of the latter kind are the questions argued here by appellants' counsel.

For the reasons assigned it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, pursuant

to the provisions of Act No. 19 of 1912, provided that the appellants shall file the record in such court within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.

O'NIELL, C. J., does not take part.