JANVIER, Judge.
The Louisiana Board of Alcoholic Beverage Control has appealed from a judgment of the Civil District Court of the Parish of Orleans under which it is ordered to issue to petitioner, Levet Clarence Morris, a liquor retailer’s permit for the year 1951 to sell alcoholic beverages at retail on the premises known as the Cypress Room, located at 1132 South Carrollton Avenue, in New Orleans, and prohibiting the said Board, its officers, agents and employees, or any one of them, from interfering with petitioner in the carrying on of his retail liquor business at that address.
The litigation was initiated by Morris as an appeal to the District Court from a decision of the Board denying him the necessary permit. The petitioner not only prayed that the said Board be ordered to issue the permit but also prayed for a restraining order to be followed by a temporary injunction and, in due course, by a permanent injunction enjoining the said Board from any interference with the operation by petitioner of his retail liquor business at the said location.
In the Civil District Court for the Parish of Orleans there was judgment in favor of Morris, ordering the said Board to issue the said permit and, as we have already said, enjoining the said Board, its officers, agents and employees from interfering with said Morris in the operation of his retail liquor business.
*595 The district judge rendered full and complete reasons for the judgment rendered and for the granting of the injunction, and’ we now set them forth in full.
“The plaintiff institutes this proceeding as an appeal from a decision of the defendant Board denying him a retail liquor permit for the year 1951, to sell alcoholic beverages at retail at the Cypress Room, 1132 South Carrollton Avenue in New Orleans. The petitioner challenges the constitutionality of certain provisions of Chapter 1, [LS A — ]R.S. Title 26 which deny to this court the right to enjoin the defendant from interfering with -his business by granting either a temporary, preliminary or final injunction, or otherwise interfering with the action of the defendant Board until the final conclusion of the case.
“At the outset, this court concludes and holds that as the challenged provisions of the statute seek to deny to the District Courts the right to enjoin its actions if found to be unlawful, they are in direct contravention of Article I, Section 6; Article I, Section 2; and Article VII, Section 2, of the Louisiana Constitution of 1921, which provide that the Courts shall always be open to every person for the redress of injury done to him in his rights, lands, goods, person or reputation, and shall have adequate remedy by due process of law; and that the District Courts have the right to issue all writs, including injunction and mandamus, that may be necessary in 'the aid of their jurisdiction. While the statute involved provides for a review by the District Court (which is merely confirmatory of the constitutional right), it seeks to restrict the Court in its jurisdiction over the Board to prevent irreparable injury. Accordingly, the provisions of the statute seeking in any manner to reduce or restrict this Court’s jurisdiction to grant injunctive relief are unconstitutional, null and void. See [216 La. 148] 43 So.2d 248, [14 A.L.R.2d 680] Schwegmann v. La. Bd. of Alcoholic Beverage Control.”
At this point we interpolate that in the cited case the Supreme Court did not pass upon the constitutionality of that provision of the statute, though the district judge from whose judgment the appeal had been taken did hold that provision to be uncon-stititional.
“In considering the relief sought by the petitioner, it is necessary first to consider the City ordinances and the State statutes governing the issuance of liquor licenses.
“The action of a licensing board, after a full hearing, is entitled to considerable weight, and is not to be disturbed unless manifestly erroneous, arbitrary or capricious. The defendant Board in this case gave a full hearing and reached its conclusion to deny to petitioner a retail liquor license without giving any reasons, except the conclusion that the petitioner’s application should be denied. This action of the Board is dated September 7, 1951.
“The premises in question have been operated continuously as a restaurant and bar from 1942 to the time of the present application, though under different management' and licensees. Petitioner purchased the business in July, 1951.
“The Board contends that the operation of a barroom violates the City ordinance prohibiting such establishments within 300 feet of a church, etc. It is conceded that the premises in question are only about 150 feet, more or less, from a Catholic church and school.
“Original ordinance No. 16221 C.C.S., approved May 9, 1945, and amended by ordinance No. 16425, approved March 25, 1946, provides: ‘it shall be unlawful for any person * * * to set up or establish any bar, barroom, etc. — or any similar place * * * where intoxicating liquors, wines, beers or other alcoholic beverages are sold for consumption on the premises * * * within three hundred feet (300') walking distance from any church, school * * * except upon the written consent of not less than seventy (70%) per cent of the owners of real property situated within three hundred feet (300) walking distance from said church, convent * * *.’
“Section 3 of the City ordinance provides that whenever any place or premises which were being used as of May, 1945, for the purposes outlined in section quoted above, *596 shall cease to be used for a continuous period of six months it shall then be unlawful to re-establish the premises for the original purposes without the written consent of 70% of the property owners within 300 feet of the church, etc.
“The principal facts have been stipulated as follows:
“A. That beer permits were regularly issued by the City of New Orleans and State of Louisiana to the respective per-mittees occupying and conducting the business located at 1132 South Carrollton Avenue, New Orleans, Louisiana, for several years prior to May 9, 1945 and up to and including the year 1951.
“B. That Retail Liquor Permits have been issued by the City of New Orleans and State of Louisiana from July 5, 1945 to the respective permittees occupying and conducting the business located at 1132 South Carrollton Avenue up to and including the year 1951 save and except the 1951 Liquor Retail Permit of the State of Louisiana, which is the subject of this suit.
“C. That the premises 1132 South Car-rollton Avenue have been continuously used for the purpose of a bar, barroom, saloon, cocktail lounge, etc. where intoxicating liquor, wine, beer or any of them has been sold since the enactment of City Ordinance No. 16221 C.C.S. on May 9, 1945 and has not been closed for any continuous period of six months as specified by said Ordinance.
“D. That the petitioner or applicant for the license has otherwise complied with all provisions of the law and has committed no violation or moral turpitude that would warrant the refusal of the license to him for the year 1951, all as set forth in [LSA-] R.S. 26:79-75-86-88.
“From the above stipulation of facts and the transcript of the hearing before the defendant Board, it is clear that the applicant meets the qualifications for a retail liquor permit as set forth in [LSA-] R.S. 26:79.
“[LSA-]R.S. 26:86 provides that permits may be withheld -or denied on the same grounds and in the same manner as the original permit. Under this Section no charge was made or proved that petitioner was not entitled to the renewal of the permit. It is equally true that under [LSA-] R.S. 26:88, setting forth causes of revocation of permits, petitioner has done nothing in violation of this Section.
“The sole question then is whether or not the premises have been used as a barroom or saloon for more than one year prior to the adoption of the City Ordinance referred to above, and have been continuously so used without interruption for more than six months.
“[LSA-]R.S. 26:80, subsection C, provides :
“ ‘Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal public playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
“ ‘In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground; The measurement of this distance shall be made as a person walks using the middle of the sidewalk from the nearest point of the property line of the church, synagogue, library, playground, or school to the nearest point of the premises to be licensed.
“ ‘Outside of municipalities, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, library, school, or playground. If the area is undeveloped and there are no sidewalks, the measurement of this distance shall be in a straight line from nearest point to nearest point. If there are sidewalks, the method provided for municipalities shall be used to measure the distance. The prohibition in this Sub-Section does , not apply to any premises which are maintained as a bona fide hotel, railway, car, or fraternal organization,- nor to any premises which has *597 been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.’
“Accordingly, if the Court should find that the premises were being used lawfully as a barroom for a period antedating May 9, 1945, or say March 25, 1946, to the time of petitioner’s application in 1951, without any six-month period of cessation as such, even though within 300 feet of the church or school, petitioner would be entitled to his permit.
“The Court cannot consider the moral aspect of the case but must consider solely the legal rights of the parties.
“Because of the stipulation of the parties entered into and the transcript of the hearing before the defendant Board, the Court finds the following facts applicable here:
“Beer Permits were regularly issued by the City of New Orleans and State of Louisiana to the respective permitees occupying and conducting business at 1132 South Car-rollton Avenue, New Orleans, Louisiana, for several years prior to May 9, 1945 and up to and including the year 1951.
“Beer Permit for 1951 by the State of Louisiana and Beer and Retail Liquor Permits were issued by the City of New Orleans to petitioner, Levet Clarence Morris, for the year 1951, covering the premises 1132 South Carrollton Avenue, New Orleans, Louisiana.
“Retail Liquor Permits have been regularly issued by the City of New Orleans and the State of Louisiana from July 5, 1945 to the respective permittees occupying and operating the business conducted at 1132 South Carrollton Avenue, New Orleans, Louisiana, up to and including the year 1951, save and except the 1951 Liquor Permit to applicant, the subject of this suit.
“That the Respondent Board, since its creation in the year 1948, has issued five (5) Retailers’ Liquor Permits to permittees occupying and operating a bar, barroom or saloon at 1132 South Carrollton Avenue, New Orleans, Louisiana.
“That there has been no cessation of the use of the premises, 1132 South Carrollton Avenue, New Orleans, Louisiana, as a bar, barroom, saloon, cocktail lounge, etc. for a continuous period of six (6) months as defined by Section 3 of Ordinance No. 16221 C.C.S.
“That petitioner, Levet Clarence Morris, meets all the qualifications and conditions as prescribed by [LSA-]R.S. 26:79.
“That the character of the premises, 1132 South Carrollton Avenue, New Orleans, Louisiana, was established as a bar, barroom, saloon, cocktail lounge, etc., where intoxicating liquors, wines, beers, or other alcoholic beverages were sold on the premises, or any of them, by the issuance of beer permits by both City and State before the enactment of Ordinance No. 16221 C.C.S. on May 9, 1945, and by the continuous issuance of both beer and liquor permits by both City and State since July 5,' 1945.
“Testimony before the defendant Board clearly established the fact that liquor was being sold, although an attempt was being made to show that it was surreptitious or clandestine. Since permits to sell liquor had been issued during that period by the City and State authorities, it cannot be held that the sale was surreptitious or clandestine. The sale might have been ‘soft-pedalled’ somewhat in order to minimize the opposition of the Pastor of the Church and the neighbors who were very vigorous in their efforts to close the premises as a barroom.
“In view of the above findings of fact the Court must conclude legally:
“That under the provisions of Ordinance No. 16221 C.C.S., as amended, and [LSA-] R.S. 26:80(c), the character of the premises 1132 South Carrollton Avenue as a bar, barroom, saloon, cocktail lounge, etc., was estbalished by the sale of intoxicating liquors, wines, or beers, or other alcoholic beverages, or any of them, ' prior to the adoption of Ordinance No. 16221 C.C.S. on May 9, 1945, and the amendatory Ordinance No. 16,425 of March 25, 1946.
“That the character of said premises as such bar, barroom, saloon, etc. was further established by the issuance of both City and State Beer Permits to operators of such *598 premises for the years preceding May 9, 1945.
“That the character of the said premises as a bar, barroom, saloon, etc. at the time of the adoption of said Ordinance is further confirmed by the continuous issuance of both beer and liquor permits by both the City and State from July 5, 1945 up to and including the year 1951.
“That in determining the character of the said premises under said Ordinances, the interpretation of said Ordinance and statutes by both City and State licensing authorities charged with their interpretation is entitled to great weight.
“That public officials and members of public boards are presumed to properly perform the duties of their respective offices and boards.
“That the Board in.rendering its order of September 7, 1951, denying the application of petitioner for a Retailer’s Liquor Permit for the year 1951 erroneously held that the provisions of Ordinance 16221 C.C.S. were violated as the character of the premises as a bar, barroom, saloon, etc. had already been established prior to the application of petitioner, and for more than one year prior to [LSA-JR.S. 26:80(c).
“The statute creating the Louisiana Board of Alcoholic Beverage Control did not intend to supersede the local authorities, but to assist and aid them in enforcing their local ordinances in furtherance of the principle of home-rule. Since the City had the right to permit the operation of barrooms and saloons under certain conditions, and since the City, after hearings and consideration of serious complaints of the neighbors, continued to license the use of the premises as a barroom or saloon, as did the State authorities, it would be harsh at this time to reverse or set aside their action.”
The matter was submitted in this Court on briefs and without oral argument.
After the appeal had been lodged in this Court, counsel for the appellant filed briefs and, in a supplemental brief, suggested that the entire suit should be dismissed since the question involved has now become moot. This contention is based on the fact that the permit requested was for the year 1951 and that, therefore, any decree which may be rendered cannot affect the issuance of the permit nor the interference with the business of plaintiff in the year 1951.
We immediately notice that in the opening statement of his opinion, the district judge calls attention to the fact that there was presented the question of the constitutionality of that provision of LSA-R.S. 26, section 106 which provides that, in certain circumstances, “the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the board from proceeding under the provisions of this Chapter.”
We also note that the district judge held that provision to be violative of the Constitution of the State of Louisiana as being “in direct contravention of Article 1, section 6, Article 1, section 2 and Article 7, section 2 of the Constitution of 1921.”
In view of this holding there arises the question of whether this Court is the proper tribunal for a consideration of the issues which are involved.
Of course there could be no doubt that, if the sole issue presented involved the question of the constitutionality of the above referred to provision of the statute and that that issue on which depends only the question of whether the injunction should have been granted, was not complicated by the fact that the principal issue presented originally was whether the permit should have been granted and, had not both issues been somewhat clouded by the fact that the year 1951 has come to a close and neither the issuance of the permit for the year 1951, nor the interference with the business of the plaintiff in that year can be affected by anything that we or any other court can do or say, then it would have been clear that we should transfer to the Supreme Court the simple issue of constitutionality, because it is clearly provided in section 10 of Article 7 of our constitution that, where a statute of our State is held to be unconstitutional, the appeal from a. *599 judgment so holding must go to the Supreme Court.
But in the case at Bar there were originally presented two issues—one whether the Board should be ordered to issue the permit for 1951, and the other, whether the Board should be enjoined from interfering with the business of the plaintiff.
Both of these original issues have now been somewhat complicated by the fact that, although the judgment became final on November 13, 1951, when there yet remained some part of the year 1951 in which the judgment could have been effective, the year 1951 has since expired and any decree now rendered cannot affect the original issues. In view of this last stated fact, were it not for the further fact that we have no jurisdiction to consider at all the question of unconstitutionality, we might feel constrained to dismiss the appeal on the ground that the questions presented are moot. However, to do this would be to act upon an appeal of which only the Supreme Court has jurisdiction. We thus find it necessary to consider whether the entire appeal should be transferred to the Supreme Court, or whether it is ncessary that we ourselves consider the issue of whether the permit should have been issued and transfer to the Supreme Court only the question of the constitutionality of that part of the statute which prohibits injunctive interference by the courts with orders issued by the Board.
We find it to be settled that where there are presented two issues which are not closely related and in one of them there arises a question of which only the Supreme Court has jurisdiction, the issues may be divided and one decided by the Supreme Court and the other by the proper Court of Appeal. The Supreme Court so held in State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So. 2d 678, 680. There the Court said: “When a case is appealable to this court solely because a law or ordinance has been declared unconstitutional, our inquiry is limited to .that specific issue. With questions unrelated thereto we have naught to do; consideration of them is for the court otherwise having jurisdiction of the case. Louisiana Society for Prevention of Cruelty to Children v. Moody, 52 La.Ann. 1815, 28 So. 224; State v. Pearson, 110 La. 387, 34 So. 575; City of New Orleans v. New Orleans Butchers’ Co-op. Abattoir, Inc., 153 La. 536, 96 So. 113; State v. Louisiana Railway & Navigation Company, 153 La. 816, 96 So. 667. Of the latter kind are the questions argued here by appellants’ counsel.”
We especially note the words “unrelated thereto,” and would be inclined to the view that the two issues here are rather closely related were it not for the fact that the two issues which were presented in that case were certainly as closely related as are the two which are presented here, and yet the Supreme Court held that that issue which did not involve the constitutionality of the statute should be transferred to the Court of Appeal. Furthermore, we note that in some of the several cases cited the two issues were rather closely related.
On the first issue; whether the permit should have been issued, there could be a decision without any reference to the question of whether that portion of the statute, which is under consideration on the other issue, is or is not violative of our Constitution.
We thus reach the conclusion that that issue is properly before us and that the other issue should be transferred to the Supreme Court.
We therefore consider what action we should take on the question of whether the permit should have been issued. As we have said, nothing that we can do or say now can have any effect on the actual issuance of the permit for the year 1951, and consequently counsel for appellant urge us to dismiss the suit as though the question is moot and has been moot from the initiation of the litigation. It is very clear, however, that the plaintiff is entitled to have it judicially determined whether or not the permit for the year 1951 should have been issued, for the reason that it is quite possible that his permits for future years may depend on whether or not the permit for the year 1951 was obtained, and it is also possible that criminal prosecutions may result should it be held that he was not entitled to the permit for that year.
*600 The Supreme Court considered such a situation in Barretta v. Cocreham, 210 La. 55, 26 So.2d 286, and held that, even though the period for which the permit was applied for may have expired, nevertheless the applicant would be entitled to have it judicially determined whether he should have been granted the permit.
It therefore becomes necessary for us to determine whether or not on that issue — whether the permit should have been granted' — the judgment rendered 'below was correct. And, for the reasons given by the judge a quo, we are of the opinion that the permit should have been issued. Consequently, we feel that the proper course for us to pursue is to affirm the judgment appealed from insofar as it orders the issuance of the permit. Just what effect this will have on the other issue is not for us to determine.
The judgment, insofar as it orders the issuance of the permit for 1951, is affirmed, and the appeal, insofar as it involves the question of the constitutionality of section 64 of Act No. 360 of 1948, LSA-R.S. 26:106, is transferred to the Supreme Court of Louisiana pursuant to law, LSA-R.S. 13:4441, which transfer is to be effected within sixty days, and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed.
Judgment affirmed in part; appeal transferred to Supreme Court.