LOTTINGER, Judge.
This action originated as a complaint filed by the plaintiffs with the Louisiana Board of Tax Appeals wherein they sought the revocation or suspension of 1955 liquor and beer permits issued by the State to the defendant, and 1955 liquor and beer licenses issued by the Parish of East Baton Rouge to the defendant. The complaint was dismissed by the Board of Tax Appeals and the plaintiffs then appealed to the 19th Judicial District Court for the Parish of East Baton Rouge. Following trial on the merits, in the court below, the decision of the Board of Tax Appeals was affirmed. Plaintiffs then applied for and were granted a rehearing, following which the lower court reversed the judgment of the Board of Tax Appeals and revoked the defendant’s 1955 State and Parish licenses. The matter is now before us on an appeal taken by the deféndant.
The court below furnished written reasons for judgment which we herewith set out in- full:
“This is an appeal from a ruling of the Louisiana Board of Tax Appeals of date April 13, 1955, wherein the said Board refused to comply with the demand of petitioners, Rev. Lawyer-Fields, Acie Belton and Clyde Milli-gan, residents of this parish, to revoke or suspend a 1955 liquor and beer license issued to him by the State and a. liquor and beer license issued to him by the Parish of East Baton Rouge.
“The petitioners allege that Rebowe-is conducting a bar room at 1328 Sora. Street, Scotlandville, Louisiana, pursuant to said licenses.
“They further allege:
“ ‘2. That the said Permittee, his-agents, employees or representatives-have violated Louisiana Revised Statutes 26:80 (C) and 26:280(C) ; in that,, said Sungold Inn is situated within' three hundred (300') feet or less of the-Greater Mount Carmel Baptist Church and that, said Church had been long-constructed and established in the practice and teaching of the Christian-Faith long before the establishment of Sungold Inn for the purpose of selling-liquor and beer at retail.
“ ‘3. That the said permittee, his-agents, employees or representatives- *729 have violated Louisiana Revised Statutes 26:75, 26:76, 26:77, 26:275, 26:276, and 26:277; in that, the said permittee is presently operating on license issued under an application of renewal when in fact the Sungold Inn was a new place of business with a new location.
“ ‘4. That the said permittee, his agents, employees or representatives made misstatement and suppressed facts in the original application of renewal by failing to disclose the present location of said Sungold Inn and by so ■doing the permittee violated Louisiana Revised Statutes 26:82 and 26:281".
“ ‘5. That permittee, his agents, employees or representatives violated Louisiana Revised Statutes 26:88(1) and 26:285(1) in that he did on the 7 day of January, 1955, sell and/or serve liquor and beer to one Charles Louis Williams, a minor under the age of eighteen years.
“ ‘6. That the permittee, his agents, employees or representatives have committed certain acts and allowed certain acts to be committed upon the premises known as Sungold Inn, 1328 Sora Street (Scotlandville Area) Baton Rouge, Louisiana, which are in violation of Louisana Revised Statutes 26:88 (3) and 26:285(3) in that he permits one Charles Louis Williams under the age of seventeen years to visit and loiter in and about the said Sungold Inn.
“ ‘7. That the permittee, his agents, employees or representatives have violated Louisiana Revised Statutes 26:88 (5) and 26:285(5) in that said permittee or his representatives permit disturbances of the peace and/or obscenities in and about the premises of said Sun-gold Inn all of which can be established by the Sheriff’s records for the Parish of East Baton Rouge, State of Louisiana.
“ ‘8. That the permittee, his agents, employees or representatives have violated Louisiana Revised Statutes 26:88 (2) and 26:285 (2) in that on the 5 day of February, 1955 said -permittee or his representatives did sell or serve liquor and beer to one Issaac Kelly and one Gertrude Smith who were then intoxicated persons.’
“Before answering, the defend- and, Rebowe, filed an exception, reading as follows, to-wit:
“ ‘Now into Court, through undersigned counsel, comes Phillip Rebowe, defendant herein, and excepts to the jurisdiction of the Court rationae ma-teriae on the ground that [LSA-] R.S. 26:301 et seq. and other pertinent provisions of law provide an appeal only from a decision of the Board of Tax Appeals to withhold, suspend or revoke a permit and no appeal is provided from a decision against withholding, suspending or revoking a permit.’
“This exception is based upon the wording of LSA[-R.S.] 26.301 and 26:302, which sections read as follows:
“ ‘§ 301. Decisions of the board of tax appeals in withholding, suspending, or revoking permits and of the collector or local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in R.S. 26:302 and finally reversed by the courts.
“ ‘§ 302. Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court haying jurisdiction of the applicant’s or permittee’s place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
*730 “ ‘Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be de-volutive in their nature and effect.’
“It will be conceded that if the above quoted'sections of the statutes were the only provisions of law relating to the right of appeal from judgment of the Board of Tax Appeals, .there would be some doubt as to whether in a case of this kind, the applicants for the revoca-, tion of the liquor licenses have the right of appeal to this Court, and whether this Court has jurisdiction. I have heretofore overruled the exception to the jurisdiction of the Court for two reasons:
“(1) It is inconceivable to me that when the right is conferred by law upon citizens to protest to the Board of Tax Appeals against the improper issuance of liquor and beer licenses, (which right is given by LSA [-R.S.] 26:283) they do not havy the right of appeal from an adverse decision of the Board.
“(2) The general law upon the subject of appeals from decisions of the Board of Tax Appeals, namely, LSA [-R.S.] 47:1435 confers such right. It reads as follows:
“ ‘§ 1435. The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.
“ ‘Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is, not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as. justice may require.’
“This section was referred to in. Richardson v. Parish Council of Parish of East Baton Rouge [La.App.], 53 So.2d 458.
“We come now to a consideration of the case on the merits. In the. first hearing the Court concluded that the evidence offered in support of paragraphs 4, 5, 6, 7, and 8 of applicant’s petition was not sufficient to justify- a reversal of. the judgment appealed from. I am still of that opinion.
“As to the attack upon the legality of the permits issued to appellee Re-bowe to conduct a liquor and beer business at 1328 Sora Street, Scotlandville, I am of the opinion that the decision first rendered herein was erroneous and it is therefore set aside. The decision of the Orleans Court of Appeal, found in [Morris v. Louisiana Board of Alcoholic Beverage Control] 57 So.2d 593 therein referred to and relied upon, I think, is inapplicable to the facts of this case.
“The facts here, as disclosed by the evidence, are substantially as follows:
• “The licenses issued to Rebowe to sell beer and liquor at 1328 Sora Street for the year 1950 were in compliance with his application of date January 5, 1950. In that application we find this question:
“ ‘Is the location of the business covered by this application in an area where the sale of alcoholic beverage or beer is prohibited by local laws (Municipal, Parish, or Ward).’
“This question was answered in the negative. The answer was not true, as at that time and now Rebowe’s place of business was less than 300'feet of Mount Carmel Baptist Church. The *731 Parish ordinance of 1948 — the ordinance under which the application was made, prohibited, as does the present Parish ordinance, the sale of liquor or beer within 300 feet of a church. The original permit was therefore illegally obtained. For every license issued to Rebowe after 1950, he has filled an affidavit asserting in effect that the allegations of the application of 1950 were true and correct, when as a matter of fact, they were not.
“The licenses he obtained for the year 1955, here attacked, it is true, were issued under the ordinance of 1948 and not under the ordinance of December 8, 1954. The ordinance of 1948 (now repealed and replaced by the ordinance of December 8, 1954) with respect to the sale of liquor and beer within 300 feet of a church, reads as follows:
“ ‘No permit shall be granted for any premises situated within five hundred (500) feet, or less distance, of a building occupied exclusively as a church, synagogue, public library, public playground, or school, except a school for business education conducted as a business college, or school.’
“Rebowe’s false representation in his original application of 1950 that the location of the business to be conducted was not in an area where alcoholic beverages or beer was (prohibited to be) sold was continuously repeated thereafter, and his 1955 license (issued pursuant to the ordinance of 1948) was issued upon the strength of this false statement. Therefore, as I see the case he has never had a lawful license to sell liquor or beer from 1950 to the present time.
“To say that under such facts and circumstances one could obtain a prescriptive right to conduct a bar room within 300 feet of a church would, in my opinion, be a mockery. Suppose the bar room was next door to the church, could it be said the licenses could not be revoked because forsooth, for a number of years the owner and operator of the bar had been located there under false representations contained in his application? I think not. LSA[-R.S.] 26:286 expressly provides that liquor or beer licenses may be revoked ‘If there was any misstatement or suppression of fact in the application for the permit.’
“For these reasons I hold that the licenses issued to Rebowe for the sale of liquor and beer at the ‘Sungold Inn,’ 1328 Sora Street, for the year 1955 were illegally issued, and therefore should be and the same are hereby revoked.
“Judgment will therefore be signed reversing the judgment of the Board of Tax Appeals and revoking the 1955 State and Parish licenses issued to Re-bowe for the year 1955 for the conducting of a bar room at 1328 Sora Street, less than 300 feet of Mount Carmel Baptist Church, appellee, Rebowe, to pay all costs of this appeal.”
A review of the record sustains the findings of fact by the trial judge. There is no question but that the defendant’s place of business is located within the prohibited distance from the Mount Carmel Baptist Church. While there is no evidence to sustain the allegations of paragraphs 5, 6, 7 and 8 quoted in the trial judge’s opinion, we are of the opinion that the trial judge’s legal conclusions are correct and that the judgment appealed from should be affirmed.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.