Dear Representative Hudson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and resolution.
You ask in your request whether or not a business establishment that was in operation on one Lot identified as Lot "A", but was moved to a new location on Lot "B" may be considered the same business, when the two locations have different municipal addresses and the new business is more inclusive of services such as foods, etc. You have further attached to your request a survey plat of the Lots as well as a copy of Ordinance No. 5 of 1989 passed by the Town of Washington regulating the sale of alcoholic beverages. From the attachments I presumed that the business establishment questioned is in the business of selling alcoholic beverages.
In answer to your question we must first look to statutory provisions which address this issue. LSA-R.S. 26:81 provides:
 A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
 B. (1) No permit shall be issued by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
 (2) In any subdivision where saloons are prohibited, but package sales of liquor are permitted, Class B package liquor permits may be issued in combination with Class A retail beer permits.
 (3) Any premises licensed to deal in alcoholic beverages, upon proper application, shall be issued a permit for beverages of low alcoholic content as defined in R.S. 26:241. The new permit shall be of the same class as the one for which the premises has a license.
 C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, and sidewalks, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church, synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
 D. Outside of municipalities and unincorporated areas which are not divided into subdivisions with streets, blocks, or sidewalks, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, public library, school or playground. The measurement of this distance shall be made in the same manner as the measurement is made in municipalities.
 E. The prohibitions in this Section do not apply to any premises which are maintained as a bona fide hotel, or fraternal organizations, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
 F. For the purposes of this Section, "public library" shall mean a public library, which is located in a permanent structure and is open to the public for three or more days per week. Amended by acts 1995, No. 1076, § 1, eff. June 29, 1995; Acts 1999, No. 1010, § 1.
Also of significance is § 3 of Ordinance No. 5 of 1989 of the Town of Washington, which provides:
 "All business establishments that are presently located in the Town of Washington and are operating with a valid license for the year of 1989 are hereby exempted from the conditions and provisions of this ordinance. Should said business establishment, that is outlined in this section, cease operation for a period of 30 days or more, than this business establishment will also be covered by the terms and conditions of this ordinance, and cannot reopen for business unless said establishment is more than five hundred feet from a residence, school or church as set forth in the terms of this ordinance. Said five hundred feet is to be measured from the actual business establishment to the said residence, and, the land boundaries are not to be used in calculating the distance from the said business establishment to the said residence."
While the information provided in the request deals only with business establishments on different Lots, it is the opinion of this office that such a business establishment, if selling alcoholic beverages, no longer falls within the exemptions provided by R.S. 26:81(E) or § 3 of Ordinance No. 5 of 1989 of the Town of Washington. La. R.S. 26:81 deals with premises location as does § 3 of Ordinance No. 5. Since the business establishment changed locations and municipal addresses, the exemptions provided no longer apply to the new business establishment.
In Rev. Lawyer Fields et al v. Phillip Re Bowe, d/b/a SungoldInn.,84 So.2d 727, writ denied (La.App. 1st Cir. 1956), The First Circuit Court of Appeal addressed the same issue and stated:
 The facts are clear that defendant's vendor, one Joe Zito, in 1947 operated a grocery and barroom business in the "Michelli Building" located at 8480 Baker Road. He then bought the Lot to the rear of his place of business facing on Soro Street and sometime in 1948 placed a building thereon and moved his liquor business therein in 1949. In 1949 he sold the business to Rebowe, the defendant herein.
 The original "Michelli Building" in which he operated was approximately 380 feet as measured under the provisions of the Act from the church in question. However, the new building which he placed to the rear of the "Michelli Building" was approximately 201 feet from the church.
 When Zito moved his liquor business into the new building in either 1948 or 1949 prior to selling it to Rebowe, it became a new business and it, therefore, was not in operation for a period of one year or longer prior to the passage of the 1948 or 1919 Ordinance, and was not protected by the provisions of the law which counsel for appellant complains this court failed to consider. Had Zito operated the business in the new building for a period of one year or longer prior to the passage of the Ordinance of 1948 appellant's contention might be sound. Zito was not entitled to a license under the law for the business which he opened in the new building in 1948 or 1949 and the issuance of a license each succeeding year thereafter was contrary to the law.
In conclusion, the business establishment you described in your letter should be considered a new business establishment in connection with the provisions of Ordinance No. 5 of 1989 of the Town of Washington and a new separate premises under the provisions of La. R.S. 26:81. I trust that the foregoing has adequately answered your inquiries. Please do not hesitate to contact our office if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, JR/mjb