For the reasons assigned, the judgment appealed from is affirmed.

McCALEB, J., takes no part.

ROGERS, J., absent.

11 So.2d 540

### CUSACHS v. CUSACHS et al.

No. 36899.

Dec. 30, 1942.

Fred A. Middleton and John J. Finnorn, both of New Orleans, for plaintiff and appellant.

Dart & Dart, of New Orleans, for defendants and appellees.

FOURNET, Justice.

The appellees are seeking to have this appeal dismissed on the ground that only a moot question is involved.

It is their contention that the plaintiff-appellant, Barnett Cusachs, in asking for injunctive relief in this case, only sought thereby to restrain the Civil Sheriff for the Parish of Orleans from completing the sale of a certificate of 339 shares of capital stock in G. Cusachs Sons, Inc., and not to recover the proceeds of such sale, thus rendering it unnecessary for us to pass on the matter since the sale became a *fait accompli* when the plaintiff failed to apply for a suspensive appeal or for a mandamus to have the injunction issue pending this devolutive appeal when his case was dismissed in the district court.

The appellees are in error in their contention, for a mere reading of the pleadings in this case will show that the plaintiff-appellant is seeking to have the sale of this certificate of stock annulled and set aside on the ground that it was accomplished through a conspiracy on the part of the defendants Maurice and Gaspar Cusachs, his brothers, to defraud him of his stock in the closed corporation of G. Cusachs Sons, Inc., owned by all three of them, and that the injunctive relief sought by him to prevent the completion of such sale was merely incidental thereto.

Whether or not this sale should be annulled because of the alleged fraud and conspiracy on the part of Maurice and Gaspar Cusachs is a question that can only be decided after a consideration of the merits of the case. Consequently, the motion must be denied.

For the reasons assigned, the motion to dismiss this appeal is denied.