HAWTHORNE, Justice.
 

 This case is before us on a motion filed by the appellees to dismiss the appeal.
 

 On April 25, 1945, appellant, Giocchino Barretta, instituted this suit in the Civil District Court, Parish of Orleans, Division “A”, praying that appellees, the Board of Tax Appeals and the Collector of Revenue, be enjoined, restrained, and prohibited from molesting him or interfering in any manner with him in the operation of his retail liquor and beer business in the City of New Orleans, State of Louisiana, for the reasons that the revocation by the Board of Tax Appeals of his Louisiana 1945 retail beer permit issued to him on October 21, 1944, and his Louisiana 1945 retail liquor permit issued to him on October 24, 1944, deprived him of his liberty and his property without due process of law and denied him the equal protection of the law, and, further, that Acts Nos. 203 and 214 of 1944 are unconstitutional for numerous reasons set out in his petition. These acts, among other things, authorize the levying of excise or license taxes on alcoholic beverages as defined therein, and provide the qualifications which licensees shall possess to obtain permits, and provide authority for the Collector of Revenue and the Board of Tax Appeals to refuse the granting of permits and authority for said Board of Tax Appeals to suspend or revoke permits.
 

 To speak succinctly, appellant instituted a direct action in the court below against the Collector of Revenue and the Board of Tax Appeals, attacking the constitutionality of Acts Nos. 203 and 214 of 1944 in their entirety as well as certain sections of each, and prayed that these defendants be restrained, enjoined, and prohibited from interfering with the operation of his retail liquor and beer business in the City of New Orleans.
 

 The lower court sustained an exception of no cause or right of action filed by ap-' pellees and dismissed appellant’s suit. From this judgment appellant applied for, and was granted, an appeal to this court.
 

 The history of this case, as disclosed by the records of this court and by plaintiff’s petition, is as follows:
 

 On April 2, 1945, the Collector of Revenue, State of Louisiana, acting in his offi
 
 *60
 
 ■cial capacity, filed a petition with the Board of Tax Appeals, praying that the 1945 retail beer permit and the 1945 retail liquor permit issued to appellant be revoked for the reasons that appellant had, before and since the issuance of said permits, and particularly on or about March 19, 1945, (1) sold alcoholic beverages to minors ort licensed premises; (2) sold alcoholic beverages to intoxicated persons on licensed premises; (3) permitted prostitutes to frequent the licensed premises ■and sanctioned this practice, and (4) permitted immoral and/or improper entertainment, conduct, and practices on the licensed premises.
 

 Upon this petition’s being filed, appellant was ordered to show cause before the Board of Tax Appeals on April 11, 1945, why his beer and liquor permits should not be revoked. On April 18, 1945, the Board of Tax Appeals ordered the permits revoked, and through its chairman on April 19 notified appellant of such revocation and granted to him a devolutive appeal returnable to the Civil District Court in and for the Parish of Orleans, which notice appellant received on- April
 
 20.
 
 Pursuant to the order of revocation,' two agents of the Department of Revenue called at appellant’s place of business and took away the permits, which, appellant alleges, he was compelled to surrender.
 

 On April 20, 1945, appellant, without taking any appeal or applying to the district ■court for such relief as he might have been entitled to, made application to this court in an original proceeding for writs of mandamus and injunction, directed to appellees herein, to return the permits, and to prohibit, enjoin, and restrain them from interfering in any manner with the operation of his retail liquor and beer business. The application for these writs (No. 37869 on the docket of this court) was refused on April 24, 1945, for the reason that appellant’s remedy was to apply to the district court for such relief as he was entitled to, pursuant to the provisions of Act No. 203 of 1944 (arid Act No. 214 of 1944).
 

 On April 25, 1945, after this court had refused to issue the writs of mandamus and injunction, appellant instituted the present suit in the Civil District Court, attacking the constitutionality of the two acts, as hereinabove set forth, and praying for' the issuance of a writ of injunction against appellees herein.
 

 The minutes of the district court show that on May 18, 1945, that court sustained the exception of no cause or right of action filed by appellees to appellant’s petition and ordered his suit dismissed. This judgment was signed in open court on May 24, 1945.
 

 On May 19, before this judgment was signed in the district court, plaintiff, without asking for orders of appeal to this court or applying for writs for the purpose of having us review the correctness of the judgment of the lower court, again applied
 
 *62
 
 to this court in an original proceeding for writs of mandamus and injunction to he directed against the Collector of Revenue and the Board of Tax Appeals, praying that they be restrained and prohibited from molesting him or interfering in any manner with the operation of his business, and that they be ordered and. commanded to ■ return the permits (which' proceeding bears No. 37907 on the docket of this court).
 

 On " May 23, his application for these writs was denied for the reason that he had. no right to ignore the order of the lower court maintaining the exception of no cause or right of action and dismissing his suit, and to invoke the supervisory jurisdiction of this court in an original proceeding against the Board of Tax Appeals and the Collector of Revenue.
 

 Appellant then applied to the district court for an appeal from its judgment of May 24, 1945, sustaining the exception and dismissing his suit, which appeal was granted on May 28, 1945. It is this appeal which appellees seek to have dismissed, alleging as their reasons for the dismissal (1) 'that the question presented by this appeal is now moot for the reason that the licenses issued for the year 1945 have expired, and (2) that appellant on March 17, 1944, pleaded guilty to a charge of violating a state law relative to the sale of intoxicating liquors and was sentenced to pay'a fine of $100 or in default thereof to imprisonment in the parish prison for a period of 30 days, and' that said conviction under the laws of this state precludes the appellant from having a liquor license.
 

 Appellees’ first reason for the dismissal of the appeal — that is, that' the question here presented is moot- — in ' our opinion has no merit. Under the provisions-of Section 2, Subsection (g); Paragraph 3, of Act No. 203 of 1944 (page 595), and bf Section 5, Subsection (c), Paragraph 3; of Act No. 214-of 1944 (page 638), no. wholesale o'r retail dealer’s permit shall' be issued'to any person, firm, or corporation applying therefor whose permit, issued under the provisions of these acts, 'has. been revoked within five years next' preceding the application. It therefore follows that, in the event that the revocation of appellant’s permits wasdegal and proper,, then, under the provisions of the" acts, he would be denied permits for the ensuing five-year period. He therefore .has an interest in determining whether or not the-law under which the permits were revoked is constitutional.
 

 We might further point out that the correctness of the action of the Board of Tax Appeals in revoking the permits on the grounds alleged in the petition of the Collector bf Revenue, seeking such revocation and filed with the Board, will not be before us on appeal. The sole question to. be presented is the correctness of the judgment of the district court sustaining the ¡exception of no cause or right of action and dismissing plaintiff’s suit, in which
 
 *64
 
 suit he alleges the unconstitutionality of the two acts.
 

 Appellees’ second reason for the dismissal of this appeal — that is, that appellant has been convicted of violating the state law relative to the sale of intoxicating liquors — is equally without merit, as the only question which this conviction presents is whether or not under the provisions of the acts appellant is entitled to permits to sell beer and liquor, or, in the event that such permits have been issued, whether or not they should have been revoked — all of which is within the jurisdiction, control, and supervision of the Collector of Revenue and the Board of Tax Appeals, under the provisions of the two acts, and has no bearing on appellant’s appeal from the judgment maintaining the exception of no cause or right of action.
 

 For the reasons assigned, the motion to dismiss the appeal is refused.