LOTTINGER, Judge.
This is a summary proceeding instituted under the provisions of LSA-RS 26:302 and 303, wherein the plaintiff, Albert Richardson, prays that the defendants, the Parish Council of the Parish of East Baton Rouge and the Collector of Internal Revenue of the State of Louisiana, be ordered to issue to him a permit to sell beer at his place of business in East Baton Rouge Parish. It is alleged that petitioner has complied with all requirements of law and that the actions of defendants in refusing to issue a permit are violative of the provisions of LSA-RS 26:283 in that no reasons for the withholding of the permit were given him. It is also alleged that plaintiff was forced to employ counsel and that he is entitled to attorney fees in the sum of $500.00.
The defendant first filed exceptions to jurisdiction rationae materiae, rationae personae and of no cause or right of action. After these were argued and ordered referred to the merits the defendants answered, denying that they had acted contrary to law and alleging that they had acted pur *459 suant to applicable statutes and ordinances and in the legitimate exercise of police power.
The district judge in a written opinion held that the court was without jurisdiction rationae materiae for the reason that the plaintiff had failed to exhaust his administrative remedy of appeal to the Board of Tax Appeals before appealing to the district court. An application for rehearing was filed, argued and denied and the case is now before this court on a devolutive appeal taken by the plaintiff.
The exceptions to jurisdiction rationae personae and of no right or cause of action were based upon the contention that the claim for attorney fees was in the nature of a money demand from which these defendants are protected by constitutional immunity. These exceptions need not be considered, however, as plaintiff subsequently withdrew his claim for attorney fees. The first question for determination, therefore, concerns the correctness of the trial judge’s ruling in sustaining the exception to jurisdiction rationae materiae.
LSA-RS 47:1401 et seq. establish and define the duties and powers of the Board of Tax Appeals. LSA-RS 47:1407 relates to the jurisdiction of the Board and provides in part as follows:
“The jurisdiction of the board shall extend to the following:
* * * * * *
“(3) All matters relating to appeals in connection with the issuance or revocation of dealers’ permits for beverages of low alcoholic content as provided in Title 26.”
The position of the plaintiff is that he was entitled to appeal directly to the district court under the provisions of Title 26 of the Revised Statutes of 1950, particularly LSA-RS 26:301 and 302 which provide as follows:
“Decisions of the board of tax appeals in withholding, suspending, or revoking permits and of .the collector or local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in R.S. 26:302 and finally reversed by the courts.
“Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of .the applicant’s or permittee’s place of business, proposed or actual, as the. case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.”
At first blush it would appear that there exists a conflict between the provisions of Title 47 and Title 26 insofar as appeals to the Board of Tax Appeals are concerned. We are impressed first of all, however, with the expressed intent of the law in creating the Board of Tax Appeals. This administrative body was formed in 1942 •to hear and decide, at a minimum expense to the taxpayer, questions of law and fact arising from disputes or controversies between a taxpayer and the Collector of Internal Revenue in the enforcement of any tax, excise, permit, or other tax law administered by the Collector. LSA-RS 47 :- 1401. The board is vested with the authority to issue subpoenas, and administer oaths. LSA-RS 47:1408. Rules of evidence to be followed by the Board are the same as those followed by the district courts of the state. LSA-RS 47:1412. Thus it will be seen that this administrative body has full and complete power to conduct hearings of a nature not unlike a judicial trial.
Counsel for plaintiff contend that .the jurisdiction of the Board of Tax Appeals is restricted, in cases of this type, to instances where opposition to the issuance of a permit is made by sworn petition (which was not the case here) and cites LSA-RS 26:283, subd. C, which reads as follows:
“Any citizen who has, for at least six months prior thereto, resided in the parish wherein the proposed place of business of *460 an applicant for a permit is situated, or any public official or state or local law enforcement officer may oppose the issuance of permits by filing with the proper local authorities or with the collector a sworn petition of opposition. If this petition is filed the local authorities, within thirty-five calendar days of the filing of the application for a local permit, shall withhold the issuance of the local permit and immediately notify the collector of the action, enclosing the petition of opposition and any supporting documents. Upon receipt of this notice, the collector shall withhold the issuance of the state permit. If the petition is filed with the collector, he shall withhold the issuance of the state permit and immediately notify the proper local authority. The local authority thus notified shall withhold issuance of .the local permit.
“In either event, the collector, immediately upon receipt of a sworn petition of opposition, shall notify the board of tax appeals and transmit to it the petition of opposition. The board shall hold a hearing on the petition and determine the issue in the manner provided in this Part.”
 In the instant case there was no opposition filed by means of a sworn petition. The evidence discloses that the Parish Council had before it a petition which had been signed (but not sworn to) by residents of the area in which plaintiff’s establishment was located. While this would not constitute a formal opposition to the issuance of the permit, we do feel that it properly could have been considered by the Parish Council in this investigation of the matter as provided by LSA-RS 26:-283, subd. A. The procedure to be followed by .the Board of Tax Appeals in cases where opposition is made by sworn petition is to be found in LSA-RS 26:-293, which reads as follows: “Whenever the board of tax appeals is to hold a hearing pursuant to the provisions of this Part, it shall, within five calendar days, give written notice to the applicant or permit-tee, as the case may be, informing him of the hour, date, and place of the hearing, which shall be not less than five nor more than twenty calendar days from the date of the notice. This notice shall contain the reasons for' refusing the application or for suspending or revoking the permit. When a petition has been filed, opposing the issuance of the permit or 'asking for its suspension or revocation, a copy of the petition shall accompany the notice. These notices shall be sent by registered mail and shall be directed to the name and address given on the application for a state permit.”
A reading of the above quoted section of the statute discloses that the written notice given the applicant should contain the reasons for refusing his application. Also, it states further that when a petition has been filed it shall accompany the notice. This should make it clear, we think, that the Board of Tax Appeals’ jurisdiction is not limited to only those cases involving opposition by means of a sworn petition, as contended by counsel for plaintiff, but attaches also where there is no formal opposition.
While not unmindful of the provision of LSA-RS 26:302, considering the purpose of the Board of Tax Appeals, its powers and the specific provisions of LSA-RS 47:1407(3), which grants to it jurisdiction of all matters relative to appeals in connection with the issuance of permits, we feel that the spirit and intent of the law in a case such as this is to vest jurisdiction in the Board of Tax Appeals and that the proper remedy of the plaintiff was to appeal to that body. The issues presented here properly come within its jurisdiction and should have been considered by it and not the district court.
We conclude, therefore, that the district court was without jurisdiction ra-tionae materiae for the reason .that the plaintiff had failed to exhaust his administrative remedy. See O’Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506 and cases therein cited.
For the reasons assigned above the judgment appealed from is affirmed, at cost of appellant.
Judgment affirmed.