76 So.2d 311

**FLUKER FARMS, Inc.**

**v.**

**Ruthy Mae JAMES.**

No. 41881.

Supreme Court of Louisiana.

Nov. 8, 1954.

Ponder & Ponder, New Orleans, for defendant-relator.

Fannie E. Burch, Amite, for plaintiff-appellee in Court of Appeal, and defendant in application for writ of review.

FOURNET, Chief Justice.

We granted certiorari in this case to review the judgment of the Court of Appeal, First Circuit, dismissing the defendant's appeal following plaintiff-appellee's motion to dismiss on the ground that, the appeal being devolutive, the judgment sought to be appealed has long since become executory and power to prevent execution thereof has been lost.

The suit is one for partition by licitation of a certain five-acre tract of land in Tangipahoa Parish, the plaintiff claiming ownership of a two-thirds interest therein, and alleging defendant's ownership of the remaining one-third interest. By way of answer the defendant asserted full ownership and resisted plaintiff's claims. Following trial on the merits there was judg-

ment decreeing ownership in the proportions set out in plaintiff's petition; ordering that the property be sold and that the proceeds of the sale be referred to the Clerk of Court to complete said partition. Defendant was granted a suspensive and/or devolutive appeal, but only the devolutive appeal was perfected, and some three months after filing of the appeal bond the property was advertised for sale. Following certain delays, not here pertinent, the property was sold, the judgment executed, and the full amount of the bid was paid into the Registry of Court, where the funds are now held pending final decision. Upon that showing being made, the Court of Appeal ordered the appeal dismissed. See 71 So.2d 709.

The Court of Appeal, in dismissing the suit in its entirety, obviously overlooked the fact that questions are involved which are still subject to review, i. e., the validity of appellant's assertion of full ownership. All parties claiming an interest in the property being parties to this litigation, and the appellant not having perfected a suspensive appeal within the prescribed time, the judgment became executory, La.Code of Practice, Article 578, and when the sale was actually consummated pursuant to the judgment, such sale was valid, and the appellant's rights against Fluker Farms, Inc., are relegated to the proceeds of the sale. Continental Securities Corp. v. Wetherbee, 187 La. 773, 175 So. 571; Hartson v. Flaty, 192 La. 782,

189 So. 134; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671, and cases therein cited.

For the reasons assigned, the judgment of the Court of Appeal dismissing defendant's appeal is annulled and set aside, the motion to dismiss is overruled, and the case is remanded to the Court of Appeal, First Circuit, for further proceedings consistent with the views herein expressed.

PONDER, J., recused.