JANVIER, Judge.
The Collector of Revenue of the State of Louisiana has appealed suspensively from a judgment of the Civil District Court for the Parish of Orleans ordering the said Collector to issue to Sherman Lanier a state beer permit so that the said Lanier may sell liquor containing less than 6 per *918 cent of alcohol by volume at the premises located at 1411 St. Charles Avenue, in the City of New Orleans.
There is no dispute over the facts which give rise to this controversy. Lanier, for many years, had operated in the Parish of Jefferson a barroom in which alcoholic beverages, including those containing less than 6 per cent of alcohol were dispensed. In the latter part of 1956 he purchased a barroom business in the City of New Orleans and, in a written application for a permit, answered questions among them the following: “Have you ever been convicted of a felony under the laws of the United States, the State of Louisiana, or any other state? To that question he answered, “No.” He had in fact, in 1940, been convicted in a Federal court in the State of Florida of a felony based on the violation of the Internal Revenue laws of the United States controlling the transportation of alcoholic liquors and that he had served a prison term of about one year.
It is shown that the Collector of Revenue, having learned of the conviction of Lanier in Florida in 1940, on December 13, 1956, notified Lanier that his application for the permit in question would be denied. This notification was given in accordance with the requirements of the statute. Lanier then, on March 7, 1957, eighty-four days after such notice had been issued, filed with the Board of Tax Appeals a petition in which he sought a review of the action of the Collector of Revenue and he charged that the action of the Collector was arbitrary and evidenced an abuse of discretion.
The matter was set down for hearing by the Board of Tax Appeals and after a hearing that Board, on March 25, 1957, reversed the ruling of the Collector and ordered the issuance of the permit.
The Collector then, on April 1, 1957, filed in the Civil District Court for the Parish of Orleans this proceeding, praying for a judgment reversing the judgment of the Board of Tax Appeals. The Collector alleged that the judgment of the Board of Tax Appeals was erroneous in several particulars; in that it overruled the exception to the jurisdiction ratione personae, in that it overruled the exception of no cause or right of action, and in that it substituted the judgment of the Board for that of the Collector. And the Collector also alleged expressly that the District Court “has jurisdiction of the matter.”
To the petition of the Collector, Lanier filed exceptions to the jurisdiction ratione personae and ratione materiae and an exception of no right or cause of action, and in answer to the petition, Lanier denied all of the allegations thereof.
The judgment of the Civil District Court maintained the action of the Board of Tax Appeals and ordered the issuance of the permit and it is from that judgment that the matter is now before us on suspensive appeal.
By far the most interesting, though also the most vexing question presented is the contention of the appellant, Collector of Revenue, that the Board of Tax Appeals had no jurisdiction to review the decision of the Collector for the reason that the appeal from the decision of the Collector to withhold the permit should have gone directly to the District Court of the domicile of the applicant, Lanier, which is the Civil District Court for the Parish of Orleans, and that that appeal to the Court and not to the Board of Tax Appeals should have been taken within ten days, whereas the appeal which was taken to the Board of Tax Appeals was not filed until eighty-four days after receipt of notice that the Collector of Revenue had decided the application.
The contention of the Collector, that the appeal should have been taken from his decision directly to the District Court, is based on his interpretation of section 26 302 of LSA-Revised Statutes, which reads as follows:
*919 “Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the Collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, * *
The contention of Lanier, the applicant for the permit, that the appeal from the decision of the Collector was properly taken, first to the Board of Tax Appeals, is likewise based on his interpretation of the above quoted LSA-R.S. 26:302 and also on the argument that such an appeal is controlled by LSA-R.S. 47:1401 et seq.; under which there is created the Board of Tax Appeals and which, in Section 1407, provides that:
“The jurisdiction of the board shall extend to the following: * * * (3) All matters relating to appeals in connection with the issuance or revocation of dealers’ permits for beverages of low alcoholic content as provided in Title 26.”
The Collector, pointing to section 302 of Title 26 of the LSA-Revised Statutes, maintains that, where any party makes application to the Collector or to local authorities for a permit to sell beverages of low alcoholic content and there is no third party opposition to the application, if the Collector refuses to issue the permit, the .applicant must take his appeal directly to the district court, and that it is only where there is third opposition to the issuance of the permit that the matter goes from the Collector to the Board of Tax Appeals.
The Alcoholic Beverage Control Law, which is Title 26 of the LSA-Revised Statutes and which provides for the issuance of permits — in the one case for the sale of liquors containing more than six per cent of alcohol, and in the other containing less than six per cent of alcohol,— provides rather plainly in section 283, Paragraphs A and B that, where no third party opposition is made, the Collector or the local authorities, depending upon to whom the application is made, shall determine whether the permit shall be issued, and it also sets forth in Paragraph C the procedure to be followed where there is third party opposition. It provides that, where there is such opposition, which must be by sworn petition, any citizen, public official or state or local law enforcement officer may oppose the issuance of a permit, and that when there is such opposition, the matter is not heard by the Collector or by the local authorities and requires that the petition and the opposition be transmitted to the Board of Tax Appeals for decision by that Board.
The provision in LSA-R.S. 26:302 — that a party aggrieved by a decision of the Board to withhold, suspend, or revoke a permit, or by a decision of the Collector, or of local authorities, to withhold a permit, may take a devolutive appeal to the district court — at first reading seems quite confusing in view of the fact that, under LSA-R.S. 47:1407, the Board of Tax Appeals is given jurisdiction over all such appeals.
We have given much thought to the fact that there must be some meaning in the provision in Section 302 of Title 26, that if a party is aggrieved by a decision of the Collector to withhold a permit, he may appeal to the district court. Under such circumstances it seems clear to us that he is not required to go first to the Board of Tax Appeals.
We are much impressed with the argument that it is only where there is third party opposition that the matter immediately, and without a hearing by the Collector, goes to the Board of Tax Appeals and that then there is a devolutive appeal to the district court if the decision of the Board of Tax Appeals is against the applicant for the permit. We say this be *920 cause we can discover in LSA-R.S. 26:302 no other meaning-.
Since a party aggrieved by a decision of the Collector or of local authorities to withhold a permit appeals directly to the district court, this right being given by the last portion of section 302, what is meant by the first portion of that section which gives to a party aggrieved by a decision of the Board of Tax Appeals to withhold, suspend or revoke a permit, the right to appeal from that decision of the Board to the district court, if, in certain cases, the appeal goes directly from the decision of the Collector or of the local authorities to the district court. Of what cases has the Board of Tax Appeals jurisdiction and how do such cases get to the Board ?
When we read other portions of the statute (sec. 288) under which a permit may be suspended or revoked by the Board, and when we notice too that where there is third opposition to the issuance of a permit the matter is not heard by the Collector or the local authorities but is automatically transferred to the Board for hearing, we reach the conclusion, as al-reddy announced, that, where there is third party opposition and the matter is not heard by the Collector but is heard for the first time by the Board, that is the appeal which goes from the Board to the court; but when there is no third party opposition and the matter is heard by the Collector or the local authorities, then the appeal goes directly to the court and not to the Board.
We have not lost sight of the argument on behalf of the applicant that section 1407 of LSA-R.S. Title 47, which sets forth the jurisdiction of the Board, provides that that Board shall have jurisdiction over “all matters relating to appeals in connection with the issuance or revocation of dealers’ permits.” However, we cannot accept the argument that this must be interpreted to mean that all appeals, whether there has been third party opposition or not, must go to the Board in view of the fact, as we think we have shown, that section 302 of Title 26 provides that where there is no opposition and the Collector refuses the permit, the appeal goes directly to the district court. All that section 1407 of Title 47 means is that the Board of Tax Appeals shall have jurisdiction over all matters which, under other provisions, are appealable to that Board.
In Richardson v. Parish Council of Parish of East Baton Rouge, La.App., 53 So.2d 458, 459, the Court of Appeal for the First Circuit was confronted with a problem closely resembling the one under discussion. There the permit which had been applied for was refused by the Collector of Internal Revenue and the Parish Council of the Parish of East Baton Rouge. The applicant filed a mandamus proceeding in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, praying that the Collector and the local authorities be commanded to issue the permit under which he might sell beer in the Parish. The Collector filed exceptions to the jurisdiction and of no cause of action, and the District Judge held that the district court was without jurisdiction “ratione materiae” for the reason that the plaintiff (the applicant for the permit) had failed to exhaust his administrative remedy of appeal to the Board of Tax Appeals before appealing to the district court.
On appeal to the Court of Appeal for the First Circuit that Court directed attention to LSA-R.S. 47:1407, providing that the jurisdiction of the Board of Tax Appeals, under that section, extended to “all matters relating to appeals in connection with the issuance or revocation of dealers’ permits,” etc., and the Court discussed at length the question of whether or not, where there is no opposition to an. application for a permit and the permit is refused, the appeal should go directly to the district court. It appeared that there had been third party opposition, but that that opposition had not been by “sworn” petition. The Court di *921 rected attention to this fact and stated that while such an opposition “would not constitute a formal opposition to the issuance of the permit, * * * it properly could have been considered by the Parish Council in this investigation of the matter,” and held that since the opposition could have been considered by the Parish Council, the appeal should have been to the Board of Tax Appeals and not to the district court and concluded “that the court was without jurisdiction rationae materiae for the reason that the plaintiff had failed to exhaust his administrative remedy.”
Though we express grave doubt as to the correctness of this conclusion, we do not find it necessary to disagree with it because the Court put that conclusion on the ground that, though there had been “no formal opposotion”, there had been opposition, with the result that, under the already quoted sections of the Alcoholic Beverage Control Law, Title 26 of the LSA-Revised Statutes, the matter should have been taken to the Board of Tax Appeals and not to the Court.
In view of the provisions of section 302 which we have already discussed at length to the effect that, where there is sworn third party opposition to the granting of a permit, the matter must go to the Board of Tax Appeals, and that where there is no such opposition it must be decided by the Collector or by the local authorities, we have difficulty in understanding why, when the opposition is not sworn to and is purely informal and is acted upon by the Collector, the appeal goes from the Collector to the Board. Nevertheless, even if this conclusion by our Brothers of the First Circuit is correct, still it is not necessary that we disagree here for the reason that in this case there was no opposition of any kind and our conclusion is that where there is no opposition and the permit is refused, the applicant shall take the matter to the district court directly and not to the Board of Tax Appeals.
 Another contention of the appel-lee is that the Collector has no right to appeal from the decision of the Board of Tax Appeals. We think that that right is given to the Collector by section 1435 of Title 47 which, with reference to the Board of Tax Appeals, provides that:
“The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspen-sive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.
“Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require.”
Since we conclude that the appeal here should have been taken by the applicant for the permit directly from the decision of the Collector to the district court and should have been taken within ten days as is required by section 302, the decision of the Collector to withhold the permit must be reinstated.
The judgment appealed from is annulled, avoided and reversed, the decision of the District Court and the decision of the Board of Tax Appeals are annulled and the decision of the Collector of Revenue is reinstated and made final.-
Reversed.