PONDER, Justice.
Appellees move to dismiss this appeal on the ground that the questions involved are now moot.
This is an appeal from a judgment ratifying the execution of and authorizing the delivery of two reforestation contracts. Appellant was granted an order for a sus-pensive and devolutive appeal from the judgment. Appellant failed to perfect a suspensive appeal but did perfect a devolu-tive appeal.
The record shows that appellees, Guaranty Bank & Trust Company of Alexandria, Louisiana, and J. W. Beasley are the co-trustees of two trusts, namely, J. A. Bentley Trust No. 2 and E. W. Zimmerman Trust. These trusts expire on November 22, 1965 or until all of the timber of the J. A. Bentley Lumber Company is depleted or the affairs of the partnership terminated, whichever period is shorter.
Because the J. A. Bentley Lumber Company, a partnership consisting of the beneficiaries of the E. W. Zimmerman Trust and the J. A. Bentley Trust No. 2, was about to deplete its timber holdings, the trustees negotiated and entered into contracts of lease with T. L. James & Company, Inc. of Ruston, La. for the reforestation of 78,239.34 acres of land belonging to the J. A. Bentley Lumber Company and another tract of 2,988.48 acres, more or less, of land belonging to the E. W. Zimmerman Trust. These two contracts were for 99 years and were signed by all of the beneficiaries under the two trusts except the appellant, Mrs. Bernice Behl Mussel-man. Application was made by the trustees to the district court under the provisions of LSA-R.S. 9:1997 for the ratification of the contracts and authority to deliver them, which application was opposed by appellant herein. There was judgment ratifying the execution of and authorizing delivery of these contracts and Mrs. Mus-selman then took the appeal which is sought herein to be dismissed.
*508 It is the contention of appellee in support of the motion to dismiss that the questions involved are moot since no sus-pensive appeal was perfected and the contracts in question are being executed in that T. L. James & Company has paid the first rental consideration due thereunder for the acreage selected for the first year under the terms of the leases, and the contracts have been recorded and executed. T. L. James & Company, it is pointed out by appellees, was not made a party to the proceedings or otherwise impleaded by appellant and therefore is under no obligation to appellant other than to properly carry out the contract which has been ratified and ordered delivered.
In support of the motion to dismiss, ap-pellees cite and rely upon the following cases: Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; State ex rel. Jones v. Slater, 205 La. 1077, 18 So.2d 627; State v. Mutual Inv. Co., Inc., 214 La. 356, 37 So.2d 817; Ripp v. Perrault, La.App., 39 So.2d 362; Rathborne Lumber & Supply Co., Inc. v. Harding, La.App., 56 So.2d 164; Levenson v. Chancellor, La.App., 68 So.2d 116; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Navarre v. Lafayette Parish School Board, 226 La. 876, 77 So.2d 520; Blanchard v. City of Shreveport, La.App., 90 So.2d 556.
Appellant contends that the issues involved are not moot and must be decided only after consideration of the merits of the case. Appellant points out that the reason she did not perfect a suspensive appeal is because of the fact that the suspen-sive appeal bond was set at the sum of $100,-000. In support of her opposition to the motion to dismiss, the appellant cites the cases of: Cusachs v. Cusachs, 202 La. 232, 11 So.2d 540; Barretta v. Cochreham, 210 La. 55, 26 So.2d 286; Fluker Farms, Inc., v. James, 226 La. 303, 76 So.2d 311.
An examination of the cases cited by the appellee shows that they are not applicable. They either involved situations where the appellant had acquiesced in the appeal or cases where the court necessarily concluded that it could not undo what had already been done.
Appellant herein is seeking to have this Court pass upon the legality of the action of the trustees in granting the leases beyond the term of the trust. The fact that she did not perfect her suspensive appeal, because of the amount of the bond, is no reason why her right of devolutive appeal should be denied. This Court on hearing of the appeal could declare these contracts null and void and of no effect. Whatever rights T. L. James would have could be determined in future litigation.
In the case of Cusachs v. Cusachs, 202 La. 232, 11 So.2d 540 the appellant filed suit to prohibit the sale by the sheriff of stock owned by him in a corporation on the ground that there was fraud and asked for injunctive relief. Appellant failed to take a suspensive appeal and it was contended on appeal that the question was moot since the stock was sold and was then a fait accompli. This Court held that the suit was one to have the sale of the certificate of stock annulled and the injunctive relief sought was only incidental thereto, hence the issues were not moot and the appeal could not be dismissed.
In Barretta v. Cocreham, 210 La. 55, 26 So.2d 286 the court refused to dismiss the appeal as moot where the issue was the revocation of a license for the year 1945 which had expired on the ground that in the event that the revocation of appellant’s license was legal and proper he would be denied permits for the ensuing five-year period. See also Morris v. Louisiana Board of Alcoholic Beverage Control, La.App., 57 So.2d 593.
In Fluker Farms, Inc., v. James, 226 La. 303, 76 So.2d 311 the lower court decreed partition and ordered the property sold and the proceeds of the sale referred to the Clerk of Court to complete the partition. Appellant took only a devolutive appeal so that the judgment became executory and *509 the power to prevent execution was lost. Appellee therein sought to have the appeal dismissed but this Court refused on the ground that even though the sale had taken place the parties were relegated to the proceeds and hence a decision of the ownership on the merits was necessary in spite of the sale.
To say that the issues herein are moot would be to defeat appellant’s right to an appeal. The argument of appellees that this Court could not undo what has already been done is untenable. All that has been done is the payment of rentals and partial execution of the contract, but this Court on former occasions has decreed contracts to be null and void even when partially executed. There is nothing so “fait accom-pli” about this case as the appellees would have this Court believe.
For the reasons assigned the motion is denied, at appellees’ cost.