AYRES, Judge.
The plaintiff herein made application to the City of Monroe for a permit to sell alcoholic liquors of an alcoholic content of 6 percent or less per volume and of a content exceeding that maximum. The application was opposed by residents of the vicinity where plaintiff sought to establish his retail liquor store. After consideration by the Commission Council, the governing authority of the municipality, the application was rejected, whereupon plaintiff appealed to the district court.
The appeal was attacked in the district court (1) by a motion to dismiss the appeal for failure to file a bond for costs and (2) by a plea of non-joinder. This last contention is predicated upon plaintiff’s failure to make parties defendants the Louisiana Board of Alcoholic Beverage Control and the Collector of Revenue of the State of Louisiana. The motion, predicated upon plaintiff’s failure to furnish a cost bond, was sustained by the district court. It does not appear that the court either considered or passed upon the merits of the case or the plea of non-joinder. From the judgment thus rendered and signed, plaintiff appealed.
Inasmuch as no bond for costs was filed by plaintiff on his appeal from the action taken by the municipality to the district court, the issue for determination becomes one of the statutory requirement vel non of such a bond. The Alcoholic Beverage Control Law, LSA-R.S. 26:1 et seq., regulates generally the licensing of the sale of liquor. Chapter 1, parts 1 and 3, applies to beverages of an alcoholic content in excess of 6 percent by volume and Chapter 2, parts 1 and 2, to beverages of an alcoholic content of 6 percent or less. The City of Monroe, as evidenced by copy of its ordinance filed in the record, has provided for permits which include beverages of both low and high alcoholic contents.
Local authorities, that is, the police juries as the governing authorities of the several parishes and the governing authorities of municipal corporations, have the authority and responsibility with reference to permits for establishments located within their territorial limits. They may require local licenses and permit fees and, on furnishing the board a certified copy of their ordinances, the Louisiana Board of Alcoholic Control may be required to collect fees levied by such local authorities. LSA-R.S. 26:73. For local permits applications must be filed with the local authorities. LSA-R.S. 26:78. The board, with respect to state permits, and the local authorities, with respect to local permits, may withhold the issuance of permits for statutory reasons, LSA-R.S. 26:84, and for its guidance in the determination by the local authorities to either issue or withhold permits, procedure is provided in LSA- *316 R.S. 26:85, which, so far as pertinent, reads as follows:
“The right to determine what persons shall or shall not he licensed under this Chapter shall be exercised in the following manner:
“A. Municipal authorities and parish governing authorities shall, independently of the board, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. The decision to withhold a local permit shall be made within thirty-five calendar days of the filing of the application. Within that period, the withholding authority shall notify the board in writing that it is withholding the permit and give the reason therefor. Upon receipt of this notice, supported by reasons enumerated in or authorized by this Chapter, the board shall withhold issuance of the applicant’s state permit. Within five calendar days after the receipt of the notice from the local authorities, the board shall notify the applicant in writing of the action and shall assign the reasons therefor. Such notice shall be either delivered to the applicant in person or sent to him by registered mail at the business address given in his last application. When so addressed and mailed, it shall be conclusively presumed to have been received by the applicant.”
Annual applications are required for renewal permits, which may be withheld or denied for the same reasons and in the same manner as applications for original permits. LSA-R.S. 26:86.
As to the cost of hearings before the board, § 102 of the statute provides:
“In hearings of the board which finally result in withholding the issuance of a permit or in suspending or revoking a permit, the board shall assess the costs of the hearing to the applicant or permittee. The costs are recoverable by the board in any appellate proceeding instituted by the applicant or permittee or in any other judicial proceeding.”
The statute contains no provision for the assessment of costs by a local authority at a hearing before it for the obvious reason that no costs have accrued and none are authorized by the statute, such as are prescribed in favor of the Louisiana Board of Alcoholic Control or of the Board of Tax Appeals. The statute provides, however, that the decisions of the boards in withholding, suspending and revoking permits and the decisions of the local authorities in withholding permits are final unless reversed by the courts on appeal. LSA-R.S. 26:103 and 302. The procedure for taking an appeal from the action of the Control Board or from the action of the local authority is found in § 104 of the statute, which reads as follows:
“Any party aggrieved by a decision of the board to withhold, suspend, or revoke a permit or of the -local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
“Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the board or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected *317 in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the board or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the board or local authorities shall not be voided if the board or local authorities take an appeal to the Court of Appeals in the time provided for suspensive appeals.”
There is, therefore, no requirement for the posting of a cost bond as a prerequisite to an appeal under this Section from the action of a local authority to the courts. As pointed out, the instant case represents an appeal from the action of a municipality in withholding from plaintiff a permit or license to sell liquor at retail. However, since the application of plaintiff was for a permit to sell intoxicating liquor of both low and high alcoholic content, it is contended by appellee that the provisions of LSA-R.S. 26:302 must be considered along with § 104 to determine the manner in which an appeal should be taken. The section appellee relies upon provides:
“Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
“Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.”
The distinction to be made is that in the instant case the appeal was from the action of the municipality and is governed by § 104 of the statute, while the section relied upon concerns appeals from the decisions of the Board of Tax Appeals. That section, in our opinion, has no application in this case.
While we are not here concerned with any plea to the jurisdiction of the court, we are impressed that the conclusions we have reached are supported by the observations of our brethren of the Orleans Court of Appeal in Lanier v. Collector of Revenue, La.App., 98 So.2d 917, 920, wherein the authority to review on appeal the initial decisions are discussed. There it was held:
“ * * * when there is no third party opposition and the matter is heard by the Collector or the local authorities, then the appeal goes directly to the court and not to the Board.”
Therefore, in the instant case, which represents an appeal from a decision reached by the municipality, no costs having accrued and none being authorized by the statute, the conclusion is inescapable that where the statute says in § 302 that “Such appeals shall be granted by the clerk of court on written petition together with a bond for costs”, reference is made only to appeals taken from decisions of the Board of Tax Appeals and not to an appeal taken directly from the decision of a municipality or other local authority. The further conclusion is, as stated hereinabove, that this appeal is governed by § 104 of the statute and there is no condition precedent to the appeal in the nature of a cost bond.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and
It is now ordered, adjudged and decreed that defendant’s motion to dismiss plain *318 tiff’s appeal to the district court from a de-cisión of the defendant municipality for plaintiff’s failure to file and post a cost bond be and the same is hereby overruled, and, accordingly, this cause is remanded to The Honorable The Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
Reversed and remanded.