MINOS D. MILLER, Jr., Judge pro tem.
This matter is before us on a motion to dismiss an appeal from a judgment granting a preliminary injunction which enjoined the *681 defendant, Louisiana Alcoholic Beverage Control Board, from conducting a hearing to determine whether or not the plaintiff-appellee, Rena H. Allen, should lose her licenses and permits to retail alcoholic beverages.
On September 12, 1961, for alleged violations of LSA-R.S. 26:88, 89 and 26:285, 286, the City of DeQuincy, through its Mayor and Commissioners, pursuant to LSA-R.S. 33:4785-88, revoked plaintiff-appellee’s licenses and permits to retail alcoholic beverages. Thereafter, by Supervisory Writs to the Third Circuit Court of Appeal, the revocation of plaintiff-appellee’s licenses and permits was stayed until the constitutionality of LSA-R.S. 33:4785-88 could be decided.
After the stay order was granted and on October 18, 1961, the Louisiana Board of Alcoholic Beverage Control served plaintiff-appellee with a notice and summons to appear on November 6, 1961 to defend her right to maintain her licenses and permits as against claims that she allegedly violated LSA-R.S. 26:88, 89 and 26:285, 286, the exact same violations for which the City of DeQuincy revoked her licenses and permits on September 12, 1961. On October 27, 1961-, plaintiff-appellee filed a petition to enjoin the hearing scheduled by the Louisiana Alcoholic Beverage Control Board for November 6, 1961 and asked that a temporary restraining order issue. On November 6, 1961 the rule nisi was argued and on November 14, 1961, for oral reasons assigned, plaintiff-appellee’s relief was granted, and a preliminary injunction was issued enjoining defendant from conducting a hearing. The Louisiana Alcoholic Beverage Control Board has appealed from this judgment granting the preliminary injunction.
In her motion to dismiss this appeal, plaintiff-appellee presents only one issue— would a hearing by the Louisiana Alcoholic Beverage Control Board now be moot? Plaintiff-appellee contends that the issue presented is moot for two reasons: (a) the date fixed for the hearing, i. e., November' 6, 1961, to be conducted has passed; and' (b) plaintiff-appellee’s 1961 licenses and permits to retail alcoholic beverage expired January 1, 1962; consequently, the Louisiana Alcoholic Beverage Control Board would have no license or permit to consider at any hearing. Plaintiff-appellee summarizes her argument by stating that “ * * in the instant case, the defendant-appellants are not appealing from a ruling on the merits, but are seeking to have the Court order the District Court to consider whether permits which do not exist should be revoked or suspended. Since that remedy is impossible by its very nature, we sincerely feel the question of the 1961 permits is moot and this Honorable Court of Appeal should dismiss the appeal of the Louisiana Board of Alcoholic Beverage Control.”
This appeal does not present the question of whether or not the District Court should be ordered to consider whether permits which do not exist should be revoked or suspended. What is presented by this appeal is the question of whether or not the trial court improvidently issued the preliminary injunction restraining the defendant from holding its hearing.
 In our opinion, the case of Morris v. Louisiana Board of Alcoholic Beverage Control, La.App., 57 So.2d 593, is in point. The issue before the court was whether or not the Board should have been ordered to issue a 1951 permit to plaintiff Morris. An injunction was issued by the trial court by judgment signed on November 13, 1951. The Board appealed this final judgment and in considering the question of whether or not the appeal was moot, the court refused to dismiss the appeal holding, at page 599:
“We therefore consider what action we should take on the question of whether the permit should have been issued. As we have said, nothing that we can do or say now can have any effect on the actual issuance of the permit for the year 1951, and consequently counsel for appellant (Board) urge us *682 to dismiss the suit as though the question is moot and has been moot from the initiation of the litigation. It is very clear, however, that the plaintiff is entitled to have it judicially determined whether or not the permit for the year 1951 should have been issued, for the reason that it is quite possible that his permits for future years may depend on whether or not the permit for the year 1951 was obtained, and it is also possible that criminal prosecutions may result should it be held that he was not entitled to the permit for that year.”
Similarly, the defendant Board in the case at bar must have the.opportunity to conduct its original hearing because, as in the Morris case, supra, the outcome of that hearing may well determine the eligibility of the plaintiff-appellee for permits in future years.
Plaintiff-appellee seeks to distinguish the Morris case on two points, namely:
“(1) In the Morris case, the Louisiana Alcoholic Beverage Control Board had already ruled and its decision had been reversed by the District Court of Orleans Parish; therefore, the question of the correctness of the Board and lower Court’s rulings was at issue before the Court of Appeal, and to have deprived the Court of Appeal of the opportunity to rule on the validity and correctness of these rulings would have been in essence depriving the appellant of a right of appeal.
“(2) Moreover, and this point is extremely important, the Court of Appeal ruled at page 599 of 57 So.2d, top paragraph, that two issues were presented— ‘one, whether the Board should be ordered to issue the permit for 1951, and the other, whether the Board should be enjoined from interfering with the business of the plaintiff.’ (Emphasis added.) It is obvious that an appellate review of the lower Court’s ruling was in order to determine future rights involved since they had been sued for by the prospective permittee. But such is not the case in the instant matter, for the Louisiana Board of Alcoholic Beverage Control merely summoned plaintiff-appellee, Rena H. Allen, to show cause why her licenses for the year 1961 should not be revoked.”
We find no merit to these arguments. In answer to the first, while it is a fact, that we do not have a ruling or decision of the Board to review, which ruling had been passed on by the trial court, we do have before us the question of whether or not the injunction prohibiting the hearing was improvidently issued. As to the second basis for distinguishing the Morris case, we acknowledge that the only pleadings or notice given defendant-appellee concerned her 1961 licenses and permits, but we cannot ignore the plain terms of the statutory provisions of LSA-R.S. 26:79(A) (6) which prevents the issuance of a license for the subsequent year, should the 1961 license be revoked.
We are supported in our conclusion that the issue before this court is not moot by the holding in the case of Barretta v. Cocreham, 210 La. 55, 26 So.2d 286, where the Supreme Court held that the appeal should not be dismissed. There, it was found that the appellant’s eligibility for future permits would depend on the constitutionality of the laws under which the original permit had been revoked. In that case, the Collector of Revenue filed a petition with the Board of Tax Appeals seeking to revoke the beer permit of Barretta. The permit was, after a full hearing, revoked and, eventually, Barretta appealed to the District Court. His appeal was dismissed by the District Court on an exception of no right of action. Barretta then appealed to the Supreme Court alleging, as he had done in the District Court, the unconstitutionality of the statutes under which his permit had been revoked. Under these facts, the Supreme Court refused to dismiss the appeal merely because the licensing year had ex *683 pired. In considering this point, the Court stated at page 288 of 26 So.2d:
“Appellees’ first reason for the dismissal of the appeal — that is, that the question here presented is moot — in our opinion has no merit. Under the provisions of Section 2, Subsection (g), Paragraph 3, of Act No. 203 of 1944 (page 595), and of Section 5, Subsection (c), Paragraph 3, of Act No. 214 of 1944 (page 638), no wholesale or retail dealer’s permit shall be issued to any person, firm, or corporation applying therefor whose permit, issued under the provisions of these acts, has been revoked within five years next preceding the application. It therefore follows that, in the event that the revocation of appellant’s permits was legal and proper, then, under the provisions of the acts, he would be denied permits for the ensuing five-year period. He therefore has an interest in determining whether or not the law under which the permits were revoked is constitutional.”
In the case at bar, while the notice for the hearing only mentioned the 1961 licenses and permits, LSA-R.S. 26:79 (A) (6) and (7) specifically state that no permit may be granted to a person who has had a permit revoked within one year prior to the application and that no permit may be granted to a person who has been adjudged by the Board to have violated any of the provisions of Chapter 1 of Title 26. Under the statutory provisions, the revocation of plaintiff-appellee’s 1961 license is not a moot question.
Plaintiff-appellee seeks to distinguish the Barretta case, supra “ * * * because in that case the collector of revenue and the Board of Tax Appeals had actually rendered the appellant a heading to determine whether his licenses should be revoked and pursuant to that hearing, had revoked the licenses. In other words, there was a license to revoke and naturally, the question of whether that license was revoked properly or correctly was at issue since, as pointed out by the Supreme Court, the permittee definitely had an interest in determining whether or not the law under which the permits were revoked was constitutional because for a period of five years he would have been precluded from obtaining any new licenses if the ruling was upheld.” We cannot follow this reasoning for, here, plaintiff is the one who sought and obtained the injunction to prevent the Board from holding the hearing which might have resulted in the revocation of the license and permit. Here there was a license to revoke at the time that the injunction was issued. The question of whether or not that 1961 license should properly be revoked will affect plaintiff’s right to obtain or retain permits for the year 1962.
Plaintiff-appellee relies primarily on the cases of Spinato v. Lowe, 239 La. 604, 119 So.2d 480 and Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824.
The case of Spinato v. Lowe, supra, cited by appellant is not applicable here. The plaintiff in that case was seeking to have the court compel the Collector of Revenue and the City of New Orleans to issue a liquor permit to him for the year 1959. The court concluded that no useful purpose would be served nor any practical result follow nor any enforceable order be decreed to order a permit to be issued for a year which had expired. In that case no future rights of the plaintiff were contingent on his having held a permit for 1959.
In Pellegrin v. City of Gretna, supra, it appears on casual reading that the opinion favors the plaintiff in this case, because there the City had revoked the liquor permit of the permittee, and he had appealed from the decision of the trial court which had refused an injunction prohibiting the city from enforcing the revocation. The court found that the question was moot because the year in which the permit was revoked had expired. There was no discussion of the fact that the permittee’s future rights might be contingent on *684 having this revocation set aside. Such a factor seems not to have been considered and it is interesting to note that the attorney for the relator (the plaintiff-permittee) was the one who directed the court’s attention to the fact that the license upon which the suit was based, had expired. Thus there appears in the Pellegrin case to have been an effort by relator to abandon the cause. For this reason, plus the fact that the court does not discuss nor cite the previous Morris or Barretta cases, it would seem that the Pellegrin matter was decided on its own facts without distinguishing or attempting to overrule prior jurisprudence.
For these reasons the motion to dismiss the appeal is denied.