HERGET, Judge.
On September 12, 1961, for alleged violations of LSA-R.S. 26:88, 89 and 26:285,286, the City of DeQuincy, through its Mayor and Commissioners, pursuant to LSA-R.S. 33:4785-88, revoked the requisite licenses and permits purchased in the name of Rena H. Allen, wife of William Allen (Plaintiffs-Appellees) to retail alcoholic beverages in the operation of Appellees’ business, the Highway Cafe, located in the City of De-Quincy, Louisiana. Thereafter, by Supervisory Writs to the Third Circuit Court of Appeal, the revocation of Plaintiff-Appel-lee’s licenses and permits was stayed until the constitutionality of LSA-R.S. 33:4785-88 could be decided. After the stay order was granted and on October 18, 1961 the Louisiana Board of Alcoholic Beverage Control served Plaintiff-Appellee with a notice and summons to appear on November 6, 1961 to defend her right to maintain her licenses and permits against alleged claims 'that she violated LSA-R.S. 26:88, 89 and 26:285, 286, the exact same violations for which the City of DeQuincy revoked her licenses and permits on September 12, 1961. On October 27, 1961 Plaintiffs-Appellees filed in the Nineteenth Judicial District Court a petition to enjoin the hearing scheduled by the Louisiana Alcoholic Beverage Control Board for November 6, 1961 and asked that a temporary restraining order issue. Defendant, through counsel, filed therein exceptions of no right or no cause of action predicated on the premise that the Court was without jurisdiction to interfere in any manner or to issue a .restraining order or injunction preventing the Board from proceeding with the hearing and, additionally, because petitioners had not exhausted their administrative remedies. For oral reasons assigned, the trial Court rendered judgment-overruling the exception of no right of action and the exception of no cause of action and issued a preliminary injunction restraining and enjoining Defendant from conducting any hearing insofar as Plaintiffs were concerned pursuant to the provisions of Title 26 of the Revised Statutes of 1950 until the question of the constitutionality of LSA-R.S. 33:4785-88 had been finally determined.
The Louisiana Alcoholic Beverage Control Board appealed from the judgment granting the preliminary injunction.
Appellees filed in this Court a motion to dismiss the appeal, which motion was denied. Allen v. Louisiana Board of Alcoholic Beverage Control, La.App,, 141 So.2d *664 680. Subsequent to our decision on the motion to dismiss, Appellees filed in this Court a motion to continue the appeal, which motion was denied September 19, 1962. Thus, the sole issue presented for our review is the question of the right of the District Court to issue an injunction prohibiting the Louisiana Alcoholic Beverage Control Board from conducting a hearing to determine whether or not Appellee’s licenses and permits should be revoked.
Section 64 of Act 360 of 1948, the Alcoholic Beverage Control Law, LSA-R.S. 26:106, provides:
“When the board or local authorities have withheld the issuance of a permit or when the board has summoned a permittee to show why his permit should not be suspended or revoked, the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the board from proceeding under the provisions of this Chapter. The jurisdiction of the courts is restricted to appeals as provided in R.S. 26:104.”
The applicability of this Section to the question before us was succinctly reviewed in our decision in Wimberly v. White, La.App., 54 So.2d 869, wherein we held:
“In view of what has already been said there is no need to pass on the several questions raised concerning the constitutionality of the Alcoholic Beverage Control Law. However, we feel that some expression should be made on one phase of the constitutional questions. Since by provisions of the Alcoholic Beverage Control Act defendant was denied the right of suspensive appeal from the Board’s order revoking her license, her counsel asked the District Court for a temporary restraining order to enjoin operation of the Board’s order pending the devolutive appeal. The court refused to grant the restraining order on the ground that under the Alcoholic Beverage Control Law it had no jurisdiction to issue such order-Subsequently our Supreme Court granted a stay order as requested by defendant, staying execution of the Board’s order until final determination of the case on appeal.
******
“Article VII, Section 2 of our state: constitution provides: ‘The Supreme Court, the Court of Appeal, and each of the judges thereof, * * * may also-in aid of their respective jurisdictions,, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process * *
“If the section quoted above from the Alcoholic Beverage Control Law-should be construed as to limit the supervisory powers of our appellate-courts and Supreme Court beyond the authority given by the Constitution, it would to that extent be invalid. Our interpretation of that section, and this, is evidently in line with the view taken, by the Supreme Court, is that the section was intended only to prevent the-courts from interfering with the conducting of hearings by the Board of Alcoholic Beverage Control as provided for in the act, and nothing more.”'
It is noted in our decision that we emphasized the words “from interfering with*, the conducting of hearings.”
We observe specifically in the instant; litgiation that the Board had not issued any-order revoking Appellee’s licenses or permits but had only summoned her to appear at a hearing wherein the question of the-adjudication of this issue would be determined.
The trial Court was without jurisdiction to issue the injunction and the exception of no right of action should have-been sustained. Moreover, not having exhausted their administrative remedies, ap-pellees had no cause of action to appeal to-the court for .relief. O’Meara v. Union Oil *665 Co. of California, 212 La. 745, 33 So.2d 506; Richardson v. Parish Council, La.App., 53 So.2d 458; Marino v. City of Baton Rouge, La.App., 61 So.2d 586.
For these reasons, the judgment of the District Court making absolute Plaintiffs’ rule for an injunction is annulled and set aside and the judgment of the District Court overruling Defendant’s exceptions of no right of action and no cause of action is reversed and judgment is rendered sustaining said exceptions and dismissing Plaintiffs’ suit at their costs.
Reversed and rendered.